FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
JEREMIAH FREI-PEARSON (*Pro Hac Vice* forthcoming)
TODD S. GARBER (*Pro Hac Vice* forthcoming)
JEAN M. SEDLAK (SBN 267659)
445 Hamilton Ave, Suite 605
White Plains, New York 10601
Telephone:  (914) 298-3290
jfrei-pearson@fbfglaw.com
tgarber@fbfglaw.com
jsedlak@fbfglaw.com

BROWN NERI SMITH & KHAN LLP
NATHAN M. SMITH (SBN 255212)
NONA YEGAZARIAN (SBN 316458)
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
Telephone:  (310) 593-9890
nate@bnsklaw.com
nona@bnkslaw.com

*Counsel for Plaintiff and the Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHELE METCALF**, for herself and all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>**TRANSPERFECT GLOBAL INC.**,<br><br>        Defendant. | Case No. _____<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Michele Metcalf ("Plaintiff"), by and through her undersigned attorneys, hereby makes the following allegations against TransPerfect Global, Inc. ("Defendant" or "TransPerfect") concerning her acts upon actual knowledge and concerning all other matters upon information, belief and the investigation of her counsel:

## NATURE OF THE CASE

1. This is a class action on behalf of Plaintiff and all of Defendant's Client Services Associates and Senior Client Services Executives who worked in Defendant's New York, New York offices from December 31, 2018 to the present (the "Class Period") (the "Class Members").

2. Throughout the Class Period Plaintiff and the other Class Members regularly worked in excess of 40 hours per week – often working 50 to 55 hours or more each week. Unless an exemption applies, pursuant to 12 N.Y.C.R.R. § 142-2 New York employers are required to pay their employees one-and-one half times their regular hourly rate of pay for each hour worked over forty.   Pursuant to 2 N.Y.C.R.R. § 142-2.14(4), employers are not required to pay overtime for hours worked over 40 to bona fide executive, administrative, or professional employees provided that their weekly pay meets or exceeds a certain minimum threshold.  For New York City employees of large employers who employ 11 or more employees, the minimum weekly threshold after December 31, 2018 is $1,125.00.  Defendant paid Plaintiff and the other Class Members less than $1,125.00 each week throughout the Class Period.  Accordingly, this exemption did not apply.

3. Even though no exemption applied, Defendant failed to pay Plaintiff and the other Class Members one-and-one-half times their regular rate of pay for all hours worked over 40. Defendant willfully violated the New York Labor Law ("NYLL"), Article 19, §§ 650, *et seq.* and 12 N.Y.C.R.R. § 142-2.2.

4.  Additionally, Defendant failed to provide Plaintiff and the other Class Members with the required wage notices stating their regular hourly rate of pay and overtime rate of pay at the time of hiring in violation of NYLL § 195(1)(a).  Finally, Defendant failed to furnish Plaintiff and the other Class Members with a statement with every wage payment stating their regular hourly rate(s) of pay, overtime rate or rates of pay, number of regular hours worked and number of overtime hours worked in the statement, thereby violating NYLL § 195(3).  Plaintiff seeks redress for herself and the other Class Members for these violations.

## THE PARTIES

5.  Plaintiff is an adult resident and citizen of Huntington Beach, California.  Plaintiff worked for Defendant from November 2016 to the present.  Plaintiff initially started working for Defendant as a Client Services Associate in its District of Columbia office in November 2016 and earned a salary of $35,000.  In August 2017, Defendant promoted Plaintiff to the position of Client Service Executive and paid her a salary of $45,000.  In January 2018, Plaintiff transferred to Defendant's 3 Park Avenue, New York, New York office where she worked as a Client Services Associate and earned a salary of $51,000.  In November 2018 she was promoted to Senior Client Services Executive with an annual salary of $56,000 per year, which was $1,076.92 per week.  Plaintiff held this position in Defendant's 3 Park Avenue, New York, New York office and continued to earn $1,076.92 per week from November 2018 until June 2019.  During this time Plaintiff generally worked over 50 to 55 hours per week.  In June 2019 Plaintiff transferred to Defendant's Newport Beach, California office where she currently works as a Senior Client Services Executive.

6. As a Client Services Executive and Senior Client Services Executive for Defendant Plaintiff's duties included account management and sales support services.

7. Defendant TransPerfect Global, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business in New York, New York. TransPerfect employs over 4,000 individuals, including at least a couple hundred Client Service Executives and Senior Client Services Executives in New York, New York.

## JURISDICTION AND VENUE

8. This Court has jurisdiction in this case pursuant to 28 U.S.C.A. § 1332(a), because Plaintiff is a citizen of California, Defendant is a citizen of New York and Delaware, and the amount in controversy in this matter exceeds $75,000.00.

9. This Court has personal jurisdiction over Defendant because Defendant is authorized to conduct and do business in California, and does conduct and do business in California, including within this District. Defendant has sufficient minimum contacts with this State and/or has sufficiently availed itself of the markets in this State through its promotion and sale of its services in this State and through its employment of residents of this State.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Plaintiff resides in this District and suffered the losses at issue in this District and because Defendant operates in this district.

## OPERATIVE FACTS

### Defendant's Failure To Pay Overtime

11. From November 2018 through June 2019 Plaintiff earned $1,076.92 per week working as a Senior Client Services Executive in Defendant's 3 Park Avenue, New York, New York office. During this time Plaintiff generally worked in excess of 40 hours each week – often

working 50 to 55 hours per week.

12. Upon information and belief, from December 31, 2018 to the present Defendant has employed at least hundreds of other Client Services Associates and Senior Client Services Executives in its New York, New York offices (the "Class Members"). The Class Members earned about $980.76 to $1,076.92 throughout this time period. Like Plaintiff, they also worked over 40 hours each week – often working in excess of 50 to 55 hours each week.

13. Unless an exemption applies, pursuant to 12 N.Y.C.R.R. § 142-2, New York employers are required to pay their employees one-and-one half times their regular hourly rate of pay for each hour worked over forty.

14. Pursuant to 2 N.Y.C.R.R. § 142-2.14(4), employers are not required to pay overtime for hours worked over 40 to bona fide executive, administrative, or professional employees provided that their weekly pay meets or exceeds a certain minimum threshold. For New York City employees of large employers who employ 11 or more employees, the minimum weekly threshold after December 31, 2018 is $1,125.00. Thus, the exemption does not apply to Plaintiff and the other Class Members. Upon information and believe, Plaintiff and the other Class Members made less than $1,125.00 each week throughout the Class Period.

15. Defendant was therefore required to pay overtime to Plaintiff and the other Class Members for every hour they worked in excess of 40 each week, but Defendant did not.

16. Defendant's actions as described herein were intentional and not made in good faith. Indeed, many of the Class Members spoke with Defendant about this problem multiple times. Defendant has promised to remedy the problem, but has failed to do so.

**Failure To Provide Required Wage Notices**

17. NYLL § 195(1)(a) requires employers to provide employees who are not

exempt from overtime compensation with wage notices stating their regular hourly rate of pay and overtime rate of pay at the time of hiring.

18. Even though Plaintiff and the other Class Members are not exempt from overtime compensation, Defendant did not provide them with notices stating their regular hourly rate of pay and overtime rate of pay at the time of hiring.

### Failure To Provide Required Wage Statements

19. NYLL § 195(3) requires employers to furnish employees with a statement with every wage payment and, for all employees who are not exempt from overtime compensation, to include their regular hourly rate(s) of pay, overtime rate or rates of pay, number of regular hours worked and number of overtime hours worked in the statement.

20. Even though Plaintiff and the other Class Members are not exempt from overtime compensation, Defendant did not provide them with wage statements including their regular hourly rate or rates of pay, overtime rate or rates of pay, number of regular hours worked or number of overtime hours worked.

### CLASS ACTION ALLEGATIONS

21. Pursuant to Fed. R. Civ. P. 23 Plaintiff brings her NYLL and NYCRR claims on behalf of herself and all Client Services Associates and Senior Client Services Executives who worked in Defendant's New York, New York offices from December 31, 2018 to the present (the "Class Period") (the "Class Members").

22. The Class specifically excludes Defendant, any parent, subsidiary, or affiliate of Defendant, any entity in which Defendant has a controlling interest, or which Defendant otherwise controls, any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.

23. Class treatment of Plaintiff's NYLL and NYCRR claims is appropriate because the putative Class satisfies the requirements of Fed. R. Civ. P. 23.

24. The putative Class is so numerous that joinder of all its members would be impracticable. During the Class period, hundreds of people have worked as Client Services Associates and Senior Client Services Executives in Defendant's New York, New York offices.

25. Plaintiff's claims are typical of the claims of the putative Class Members, and she has no interests that are antagonistic to, or in conflict with, the interests of the putative Class because:

    a. Plaintiff and the Class Members all worked as Client Services Associates and Senior Client Services Executives in Defendant's New York, New York offices;

    b. Plaintiff and the Class Members performed similar job duties for Defendant;

    c. Plaintiff and the Class Members were subject to the same policies and procedures relating to their work, time and compensation, which had the common effect of failing to pay Plaintiff and the Class Members overtime wages; and

    d. Plaintiff and the Class Members were subject to the same policies and procedures related to the wage notices and wage statements they received, which had the common effect of failing to provide Plaintiff and the Class Members with the information required under the NYLL regarding their regular and overtime rates of pay and hours worked at each rate.

26. There are many questions of law and fact common to the claims of the putative Class Members because this action concerns the legality of Company-wide compensation policies and practices that raise many common questions, including:

    a. whether Defendant has failed to pay the Class Members overtime wages owed for all hours they worked over forty per workweek;

b. whether Defendant has failed to provide the Class Members with wage notices containing their regular hourly rate of pay and their overtime rate of pay; and

c. whether Defendant has failed to provide the Class Members with wage statements regarding their regular hourly rate and overtime rate of pay, their number of regular hours worked and overtime hours worked.

27. Plaintiff will fairly and adequately protect the interests of the putative Class Members and has retained competent and experienced counsel for this purpose.

28. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual Class Members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation for at least the following reasons:

a. absent a class action, Class Members will be essentially unable to redress the conduct pled here, Defendant's violations will continue without remedy and Defendant's employees will continue to be harmed;

b. a class action will permit an orderly and expeditious administration of Class claims, foster economies of time, effort and expense;

c. this lawsuit presents no particularly unusual or difficult issues that would impede its management as a class action; and

d. Defendant has acted on grounds generally applicable to Class members, making class-wide management appropriate.

29. Allowing Plaintiff's claims to proceed as a class action will be superior to requiring the individual adjudication of each Class Member's claim, since requiring hundreds of employees to file and litigate individual wage claims would cause an undue burden on Defendant, the Class Members and the Courts. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously,

efficiently and without the unnecessary duplication of effort and expenses if these claims were brought individually.  Moreover, as the damages suffered by each Class Member are relatively small, the expenses and burdens associated with individual litigation would make it difficult for plaintiffs to bring individual claims.  Further, the presentation of separate actions by individual Class Members could create a risk for inconsistent and varying adjudications, establish incompatible standards of conduct for defendants and/or substantially impair or impede the ability of Class Members to protect their interests.

## COUNT I

### Failure To Pay Wages Due In Violation Of NYLL
### (On Behalf of Plaintiff and the Class members)

30. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

31. During the Class Period, Plaintiff and the Class Members were "employees" within the meaning of NYLL §§ 2(7), 651(5), 190(2) and 12 N.Y.C.R.R. § 142-2.14.

32. During the Class Period, Defendant was an employer within the meaning of NYLL §§ 651(6) and 190(3).

33. During the Class Period, Plaintiff and the Class Members have been entitled to the rights, protections and benefits provided under the NYLL §§ 650 *et seq*. and 190 *et seq*.

34. Plaintiff and the Class Members are not exempt from overtime compensation as established by the commissioner's wage orders or otherwise provided by New York State law or regulation.

35. The NYLL provides that employees have the following entitlement to overtime premium wages:

> [a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 *et seq.* . . . .

*See* 12 N.Y.C.R.R. § 142-2.2.

36. During the Class Period, Defendant willfully violated the NYLL, Article 19, §§ 650, *et seq*. and 12 N.Y.C.R.R. § 142-2.2 by failing to pay Plaintiff and the Class Members all overtime wages of not less than one-and-one-half times their regular hourly wage for each hour worked in excess of 40 hours per workweek.

37. Defendant has no good faith justification or defense for failing to pay Plaintiff and the Class Members the overtime wages mandated by 12 N.Y.C.R.R. § 142-2.2.

38. NYLL § 663(1) provides that Plaintiff and the Class Members are entitled to recover the full amount of their wage underpayments during the six years preceding the filing of this Complaint, plus periods of equitable tolling, an award of costs and reasonable attorneys' fees incurred in pursuing this claim, an award of prejudgment interest paid at the applicable legal rate and a penalty in the amount of 100% of the total payment due for the relevant period as it had no good faith basis to believe its wage payments to Plaintiff and the Class Members complied with the NYLL.

### COUNT II
### Failure To Provide Wage Notices In Violation of NYLL
### (On Behalf of Plaintiff and the Class Members)

39. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

40. NYLL §§ 195(1) requires employers to provide employees with a notice at the

time of hire that states their regular hourly wage rate and their overtime rate of pay.

41. During the Class Period, Defendant willfully violated NYLL § 195(1) by failing to provide Plaintiff and the Class Members a notice at the time of hire that states their regular hourly wage rate and their overtime rate of pay.

42. Defendant has no good faith justification or defense for failing to provide the notice mandated by NYLL §§ 195(1).

43. NYLL § 198(1-b) provides that Plaintiff and the Class Members are entitled to recover $50.00 dollars for each workday following their tenth day of employment on which Defendant failed to provide the required wage notice up to of $5,000.00 each plus an award of costs and reasonable attorneys' fees incurred in pursuing this claim.

### COUNT III

**Failure To Provide Required Wage Statements In Violation of NYLL**
**(On Behalf of Plaintiff and the Class Members)**

44. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

45. NYLL § 195(3) requires employers to provide employees with a wage statement each pay period that includes their regular hourly rate(s) of pay, their overtime rate(s) of pay, their number of regular hours worked and their number of overtime hours worked.

46. During the Class Period, Defendant willfully violated NYLL § 195(3) by failing to supply Plaintiff and the Class Members with a wage statement each pay period that includes their regular hourly rate(s) of pay, their overtime rate(s) of pay, their number of regular hours worked and their number of overtime hours worked.

47. Defendant has no good faith justification or defense for failing to provide the notice mandated by NYLL §§ 195(3).

48. NYLL § 198(1-b) provides that Plaintiff and the Class Members are entitled to recover $50.00 dollars each time Defendant failed to provide them with the required wage statement in the last six years, plus periods of equitable tolling, up to a total of $5,000.00 each plus an award of costs and reasonable attorneys' fees incurred in pursuing this claim.

WHEREFORE, Plaintiff respectfully prays for an Order:

    a. Certifying this action as a class action;

    b. Approving Plaintiff as an adequate Class representative;

    c. Appointing Finkelstein, Blankinship, Frei-Pearson & Garber, LLP as Class Counsel;

    d. Authorizing Class Counsel to issue a notice informing the Class Members this action has been filed, of the nature of the action, and of their right to opt out of this lawsuit;

    e. Finding that Defendant willfully violated the applicable state laws by failing to pay all required wages to Plaintiff and the Class Members;

    f. Granting judgment in favor of Plaintiff and the Class Members on all counts;

    g. Awarding all available compensatory damages in amounts to be determined;

    h. Awarding all available liquidated damages in amounts to be determined;

    i. Awarding pre-judgment interest on all compensatory damages due;

    j. Awarding a reasonable attorney's fee and reimbursement of all costs and expenses incurred in litigating this action;

k.  Awarding all available equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint;

l.  Awarding Plaintiff and the Class such other and further relief as this Court deems just and proper; and

m.  Maintaining jurisdiction over this action to ensure Defendant's compliance with the foregoing.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury.

Dated: August 28, 2019                    Respectfully Submitted,

By: /s/ Nathan M. Smith
Nathan M. Smith (SBN 255212)
Nona Yegazarian (SBN 316458)
**BROWN NERI SMITH & KHAN LLP**
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025 Telephone: (310) 593-9890
nate@bnsklaw.com
nona@bnkslaw.com

Jeremiah Frei-Pearson
(*Pro Hac Vice* forthcoming)
Todd S. Garber (*Pro Hac Vice* forthcoming)
Jean M. Sedlak (SBN 267659)
**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**
445 Hamilton Ave, Suite 605
White Plains, New York 10601
Telephone: (914) 298-3290
jfrei-pearson@fbfglaw.com
tgarber@fbfglaw.com
jsedlak@fbfglaw.com

*Attorneys for Plaintiff and the Class*