DLA PIPER LLP (US)
Daniel Turinsky, Esq.
(daniel.turinsky@dlapiper.com)
Garrett David Kennedy, Esq.
(garrett.kennedy@dlapiper.com)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020
Tel.: (212) 335-4500
Fax: (212) 335-4501

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHELE METCALF, for herself and all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>TRANSPERFECT GLOBAL INC.,<br><br>    Defendant. | Case No. 19-cv-10104 (AJN) (KHP) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANT'S MOTION TO DISMISS</u>**

Defendant TransPerfect Global, Inc. ("Defendant" or "TransPerfect")[1] submits this memorandum of law in support of its motion to dismiss the Complaint of Plaintiff Michele Metcalf ("Plaintiff"), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## **PRELIMINARY STATEMENT**

Plaintiff, individually and on behalf of others purportedly similarly situated, asserts that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Even giving Plaintiff the benefit of every possible inference, the damages alleged in the Complaint do not come remotely close to meeting the required jurisdictional amount of $75,000. Accordingly, the Complaint should be dismissed as a matter of law for lack of subject matter jurisdiction.

Plaintiff alleges that when she worked as a Senior Client Services Executive in TransPerfect's New York City office from December 31, 2018 through June 10, 2019 (when she transferred to California), she earned a regular rate of pay of $1,076.92 per week, or $26.92 per hour, which was below the minimum salary threshold for exemption from overtime under New York law. According to Plaintiff, her overtime rate of pay equaled $40.38 per hour, and she worked approximately 10 to 15 hours over 40 per week for 23 weeks between December 31, 2018 and June 10, 2019 (for a maximum total of 345 overtime hours). Assuming Plaintiff's allegations are correct (and they are not), her total unpaid wages equal, at most, only $13,931. Even if Plaintiff is entitled to liquidated damages and reasonable attorneys' fees, as well as damages under New York's Wage Theft Prevention Act, she cannot possibly meet the minimum jurisdictional threshold of $75,000, based on her own allegations in the Complaint.

---

[1] TransPerfect Global, Inc. is not a proper party in this action because Plaintiff was never an employee of that entity. Instead, Plaintiff was employed by TransPerfect Translations International Inc. Plaintiff's paystub, which reflects the identity of her employer as TransPerfect Translations International Inc., is attached as Exhibit A to the accompanying Declaration of Daniel Turinsky ("Turinsky Decl."), dated November 15, 2019.

1

Plaintiff's Complaint therefore must be dismissed because the Court lacks subject-matter jurisdiction over her claims.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff commenced this action on or about August 28, 2019, in the United States District Court for the Central District of California. Dkt. No. 1. According to the Complaint, Plaintiff began working for Defendant as a Client Services Associate in its District of Columbia office in November 2016, and was promoted to the position of Client Services Executive in August 2017. Dkt. No. 1, ¶ 5. Plaintiff alleges that she transferred to Defendant's New York City office as a Client Services Associate in January 2018, and was promoted to the position of Senior Client Services Executive in November 2018. *Id.* She allegedly held that position until June 2019, when she transferred to Defendant's Newport Beach, California office. *Id.*

The Complaint purports to bring a class action on behalf of all TransPerfect Client Services Associates and Senior Client Services Executives who worked in TransPerfect's New York City office from December 31, 2018 to the present. *Id.*, ¶ 1. According to the Complaint, the putative class members regularly worked in excess of 40 hours per week, but were not paid overtime in violation of the New York Labor Law ("NYLL"). *Id.*, ¶¶ 11-16, 36. It also alleges that TransPerfect failed to provide wage notices and statements in violation of NYLL §§ 195(1)(a) and (3). *Id.* ¶¶ 17-20.

---

[2] The allegations in the Complaint are taken as true solely for purposes of this motion to dismiss. *See Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). However, "[w]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits," in which case "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (citations omitted).

In support of each of her claims, Plaintiff alleges specific dollar amounts that do not, in the aggregate, reach $75,000, even in the most generous of circumstances, assuming liquidated damages and attorneys' fees are warranted (which TransPerfect maintains are not awardable).

First, with respect to her overtime claim, Plaintiff alleges that she earned $1,076.92 per week, or $26.92 per hour, as a Senior Client Services Executive in TransPerfect's New York City office from November 2018 through June 10, 2019.  *Id.* ¶ 5.[3]  Based on Plaintiff's allegations, her overtime rate was therefore $40.38 per hour, and she claims to have "generally worked in excess of 40 hours each week – often working 50-55 hours per week."  Dkt. No. 1, ¶ 11.  Plaintiff contends that she is entitled to overtime for the hours she worked in excess of 40 per week from December 31, 2018 (when the minimum weekly threshold for exemption from overtime increased to $1,125) through June 2019, liquidated damages in the amount of one-hundred percent (100%) of the total overtime payment due, and reasonable attorneys' fees and costs.  *Id.*, ¶¶ 14, 38.  Second, with respect to Plaintiff's wage notice and wage statement claims, Plaintiff seeks the maximum amount of $10,000.00, plus costs and reasonable attorneys' fees.

On or about October 23, 2019, the Parties stipulated to transferring this action to the Southern District of New York because, among other reasons, Plaintiff's claims are asserted exclusively under New York law, and TransPerfect's principal place of business is in New York, New York.  *See* Dkt. No. 22.  The Central District of California accepted the Parties' stipulation and ordered the case transferred on or about October 29, 2019.  *See* Dkt. No. 24.  The case was transferred to the Southern District of New York on October 31, 2019.  *See* Dkt. No. 25.

---

[3] The Complaint alleges that Plaintiff transferred to California in June 2019.  TransPerfect's records, as reflected in the accompanying Life Cycle Form, reflect that her transfer was effective June 10, 2019.  *See* Turinsky Decl., Ex. B.

3

**ARGUMENT**

A.   **Applicable Law**

A district court properly dismisses an action for lack of subject matter jurisdiction under Rule 12(b)(1) when it lacks the statutory or constitutional power to adjudicate it. *See Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416-17 (2d Cir. 2015). A plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Barry v. Curtin*, 993 F. Supp. 2d 347, 351 (E.D.N.Y. 2014) (citing *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 171 (2d Cir. 2005)).

When jurisdiction rests on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), the plaintiff must plead an amount in controversy that exceeds $75,000. *See Turban v. Bar Giacosa Corp.*, No. 19 Civ. 1138 (JMF), 2019 WL 3495947, at *2 (S.D.N.Y. Aug. 1, 2019) (citing 28 U.S.C. § 1332(a)); *ACCD Global Agriculture Inc. v. Perry*, No. 12 Civ. 6286 (KBF), 2013 WL 840706, at *1 (S.D.N.Y. Mar. 1, 2013) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). In a class action, each plaintiff must have individual damages worth more than $75,000 in order to meet the amount in controversy requirement. *Fein v. Chrysler Corp.*, No. 98 Civ. 4113 (CPS), 1998 WL 34032284, at *2 (E.D.N.Y. Sept. 29, 1998); *Snyder v. Harris*, 394 U.S. 332, 335-36 (1969)). The plaintiff bears the burden of "proving that it appears to be a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (citations omitted).

Although there is a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy, the presumption is only available "if the face of the complaint alleges facts plausibly suggesting the existence of claims aggregating over the jurisdictional minimum amount in controversy." *GW Holdings Group, LLC v. US Highland, Inc.*,

4

367 F. Supp. 3d 78, 81 (S.D.N.Y. 2019) (internal citations omitted). Conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient. *Valente v. Garrison From Harrison LLC*, No. 15 Civ. 6522, 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) (citing *Lupo v. Human Affairs Int'l Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994)).

**B.      The Court Lacks Subject Matter Jurisdiction over this Action**

Plaintiff alleges that from December 31, 2018 through June 10, 2019, TransPerfect failed to pay her overtime despite having generally worked in excess of 40 hours each week. Dkt. No. 1, ¶ 11. For those 23 weeks, Plaintiff claims to have often worked 50 to 55 hours each week. *Id.* Plaintiff states that she earned $1,076.92 per week, making her regular rate of pay $26.92 per hour. Her applicable overtime rate thus would be $40.38 per hour. Assuming Plaintiff worked 15 overtime hours per week for 23 weeks as alleged in the Complaint (which we believe to be a wildly inflated estimate), she would have worked a total of 345 overtime hours and her purported total unpaid wages would equal $13,931 (345 hours times an overtime rate of $40.38 per hour). By adding an additional amount for 100% liquidated damages ($13,931) and the maximum wage statement penalties of $10,000, Plaintiff's total potential damages would increase to $37,862. And even assuming a 33% attorneys' fee award of $12,494, the total amount potentially recoverable by Plaintiff would only equal $50,356, as reflected in the table below:

| Alleged Unpaid Overtime | Alleged Liquidated Damages | Wage Payment Penalties | Attorneys' Fees[4] | Total |
|---|---|---|---|---|
| $13,931 (345 hours times overtime rate of $40.38 per hour) | $13,931 (100% of alleged unpaid overtime) | $10,000 | $12,494 (33% of total damages) | $50,356 |

---

[4] Notably, "attorneys' fees cannot be aggregated for purposes of amount in controversy in a putative class action where jurisdiction is predicated on 28 U.S.C. § 1332(a)." *Ryan v. Legends Hospitality, LLC*, Nos. 11 Civ. 3110 (RJS), 12 Civ. 5464 (RJS), 2012 WL 3834088, at *3

5

The damages alleged by Plaintiff are nowhere near the $75,000 amount-in-controversy necessary for the Court to exercise diversity jurisdiction. Plaintiff's Complaint should therefore be dismissed as a matter of law for lack of subject matter jurisdiction. *See Pinto v. Bank One Corp.*, No. 02 Civ. 8477 (NRB), 2003 WL 21297300, at *2 (S.D.N.Y. June 4, 2003) ("Since the aggregate amount stated in the complaint does not satisfy the jurisdictional amount requirement, there is no basis for the assertion of diversity jurisdiction"); *Trepel v. Abdoulaye*, 185 F. Supp. 2d 308, 309 (S.D.N.Y. 2002) (dismissing the complaint for failure to satisfy the amount-in-controversy).

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and award all further relief this Court deems just and proper.

Dated: New York, New York
November 15, 2019

          **DLA PIPER LLP (US)**

By:  /s/ Daniel Turinsky
      Daniel Turinsky
      daniel.turinsky@dlapiper.com
      Garrett David Kennedy
      garrett.kennedy@dlapiper.com
      1251 Avenue of the Americas, 27th Floor
      New York, New York 10020
      Tel.: (212) 335-4500
      Fax: (212) 335-4501

*Attorneys for Defendant*

---

(S.D.N.Y. Aug. 1, 2012). Thus, "attorneys' fees incurred for a putative class action must be divided *pro rata* among all members of the putative class for jurisdictional purposes where, as here, Plaintiff seeks to establish the Court's subject matter jurisdiction over this action on the amount in controversy claimed by one individual named Plaintiff." *Id.* at *3. Accordingly, the amount of attorneys' fees potentially recoverable by Plaintiff for jurisdictional purposes is likely significantly lower than $12,494, but it appears to be a distinction which does not matter given that Plaintiff cannot possibly satisfy the $75,000 jurisdictional threshold even by including the higher attorneys' fee estimate.