UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Michele Metcalf, *et al.*,

        Plaintiffs,

—v—

TransPerfect Global, Inc., *et al.*,

        Defendants.

19-cv-10104 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On December 12, 2019, the Court ordered Plaintiffs to show cause why this action should not be dismissed without prejudice for lack of subject matter jurisdiction, given that there is no federal claim in the case and the Amended Complaint alleged that there was not complete diversity. *See* Dkt. No. 55. On December 19, 2019, Plaintiff responded by seeking leave to file a Second Amended Complaint that alleges subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"). *See* Dkt. No. 59. Subject to certain exceptions, CAFA "confer[s] original federal jurisdiction over any class action involving (1) 100 or more class members, (2) an aggregate amount in controversy of at least $ 5,000,000, exclusive of interest and costs, and (3) minimal diversity, i.e., where at least one plaintiff and one defendant are citizens of different states." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (citing 28 U.S.C. § 1332(d)). Here, Plaintiffs' proposed Second Amended Complaint alleges that each of these requirements is met, which would provide the Court with subject matter jurisdiction.

Defendants object to proposed amendment as futile. *See* Dkt. No. 56. First, they contend that the proposed class has less than 100 members. Second, they claim that more than two-thirds of the proposed class are citizens of New York, which they argue triggers the local controversy

1

exception to CAFA jurisdiction. *See* 28 U.S.C. § 1332(d)(4). However, Defendants make these factual claims regarding the size and nature of the proposed class in letter briefing without any supporting evidence. At this early stage and on this record, the Court cannot conclude that the amendment is futile because subject matter jurisdiction would still be lacking. But the Court does not resolve these questions. Defendants may raise these and other arguments contesting subject matter jurisdiction at a later stage in the case, including at the motion to dismiss phase.

Plaintiffs' request to file the proposed Second Amended Complaint is granted. *See* Dkt. No. 59. Plaintiffs must file the Second Amended Complaint within seven days of the date of this Order.

SO ORDERED.

Dated: January 10, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge