## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **MICHELE METCALF** and **HANNAH LAWSON**, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>         v.<br><br>**TRANSPERFECT GLOBAL, INC., TRANSPERFECT TRANSLATIONS INTERNATIONAL, INC., TRANSPERFECT DOCUMENT MANAGEMENT, INC., TRANSPERFECT, INC.,** and **TRANSPERFECT REMOTE INTERPRETING, INC.,**<br><br>        Defendants. | Case No.  19-cv-10104 (AJN) (KHP) |

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

## **TABLE OF CONTENTS**

Table Of Authorities ................................................................................................................ ii

Introduction ........................................................................................................................... 1

Factual Background ............................................................................................................... 2

Procedural History ................................................................................................................ 3

Argument .............................................................................................................................. 4

I.      Legal Standard .......................................................................................................... 4

II.     None Of The CAFA Exceptions Apply In This Action ............................................ 5

        A.      New York Is Not The State Where This Action Was Originally Filed ........... 5

        B.      Even If The Court Determines That One Of The CAFA
                Exceptions Could Potentially Apply, More Discovery Is Required ................. 7

III.    Plaintiffs Have Adequately Pled A Joint Employer
        Relationship And Dismissal Of Any Defendant Would Be Premature ..................... 8

Conclusion .......................................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

### Cases

*Anirudh v. Citimortgage, Inc.*,
   598 F. Supp. 2d 448 (S.D.N.Y. 2009) ................................................................. 4, 6

*Bell Atlantic v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................. 4

*Beye v. Horizon Blue Cross Blue Shield*,
   568 F.Supp.2d 556 (D. N.J. 2008) ...................................................................... 8

*Christiansen v. Omnicom Grp., Inc.*,
   852 F.3d 195 (2d Cir. 2017) ................................................................................ 4

*Commisso v. PricewaterhouseCoopers LLP*,
   2012 WL 3070217 (S.D.N.Y. July 27, 2012) ..................................................... 6

*Conn. Nat'l Bank v. Germain*,
   503 U.S. 249 (1992) ............................................................................................ 5, 6

*D. Klein & Son, Inc. v. Good Decision, Inc.*,
   147 Fed.Appx. 195 (2d Cir.2005) ....................................................................... 9

*Detroit Carpenters Fringe Benefit Funds v. Andrus Acoustical, Inc.*,
   2012 WL 601425 (E.D.Mich. Feb.23, 2012) ...................................................... 9

*Fields v. Sony Corp. of Am.*,
   2014 WL 3877431 (S.D.N.Y. Aug. 4, 2014) ...................................................... 6

*Flynn v. R.D. Masonry, Inc.*,
   736 F.Supp.2d 54 (D.D.C. 2010) ........................................................................ 10

*Kanowitz v. Broadridge Fin. Solutions, Inc.*,
   2014 WL 1338370 (E.D.N.Y. Mar. 31, 2014) .................................................... 6

*Lowendahl v. Baltimore & Ohio R. Co.*,
   247 A.D. 144 (1st Dep't 1936) ............................................................................ 9

*Lucker v. Bayside Cemetery*,
   262 F.R.D. 185 (E.D.N.Y. 2009) ........................................................................ 6

*Mattera v. Clear Channel Commc'ns, Inc.*,
   239 F.R.D. 70 (S.D.N.Y. 2006) .......................................................................... 6

*MG Bldg Materials, Ltd. V. Paychex, Inc.*,
   841 F. Supp. 2d 740 (W.D.N.Y. 2012) ................................................................. 7

*Moore v. IOD Inc.*,
   2016 WL 8941200 (S.D.N.Y. Mar. 24, 2016) .......................................................... 6

*Operating Eng'rs Local 101 Pension Fund v. Al Muehlenberger Concrete Constr., Inc.*,
   2013 WL 5409116 (D.Kan. Sept.26, 2013) ........................................................... 10

*Rubin v. United States*,
   449 U.S. 424 (1981) ............................................................................................ 5

*Simmons v. Ambit Energy Holdings, LLC.*,
   2014 WL 5026252 (S.D.N.Y. Sept. 30, 2014) ....................................................... 7

*Smith v. Manhattan Club Timeshare Ass'n, Inc.*,
   944 F. Supp. 2d 244 (S.D.N.Y 2013) ..................................................................... 7

*Tandon v. Captain's Cove Marina of Bridgeport, Inc.*,
   752 F.3d 239 (2d Cir. 2014) ................................................................................. 4

*Trustees of the Hollow Metal Trust Fund v. FHA Firedoor Corp.*,
   2013 WL 1809673 (S.D.N.Y. Apr.30, 2013) .......................................................... 9

*Trustees of the Mosaic & Terrazzo Welfare Pension, Annuity, & Vacation Funds v. Cont'l Floors, Inc.*,
   2013 WL 5637492 (E.D.N.Y. Oct. 15, 2013) ......................................................... 9

*Weider v. Verizon New York Inc.*,
   2015 WL 3474102 (E.D.N.Y. June 2, 2015) .......................................................... 6

**Statutes**

28 U.S.C. § 1332(d) ................................................................................................ 1

28 U.S.C. § 1332(d)(3) ............................................................................................ 5

28 U.S.C. § 1332(d)(4)(A)(i)-(ii) ............................................................................ 5

28 U.S.C. § 1332(d)(4)(B) ....................................................................................... 5

**Regulations**

12 N.Y.C.R.R. § 142-2.2 .......................................................................................... 2

## INTRODUCTION

Defendants TransPerfect Global, Inc., TransPerfect Translations International, Inc., TransPerfect Document Management, Inc., TransPerfect, Inc., and TransPerfect Remote Interpreting, Inc.'s (collectively "Defendants" or "TransPerfect") Motion to Dismiss Plaintiffs Michele Metcalf and Hannah Lawson's (collectively, "Plaintiffs") Second Amended Complaint (ECF No. 62) ("SAC") is fatally flawed for one simple reason:  New York, that state that Defendants contend is home to over two-thirds of the class, is not the state where this action was originally filed.  Rather, this action was originally -- and properly -- brought in federal court in the state of California, and only later transferred to New York at TransPerfect's request.  Despite Defendants' attempts to gloss over this necessary condition of all three of the exceptions that they invoke against jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), it is an unambiguous requirement of the statute and thus those exceptions do not apply in this case.  Defendants do not dispute that Plaintiffs have properly pled all of the requirements of CAFA, and therefore, as their proffered exceptions are inapplicable, this Court has subject matter jurisdiction over this matter.

Plaintiffs have also properly alleged that all of the TransPerfect entities named in the SAC are part of an integrated enterprise and jointly employed Plaintiffs and proposed class members.  Defendants affirmatively represent, including in formal employment documents provided to employees, that multiple TransPerfect entities, including TransPerfect Translations International Inc., TransPerfect Document Management, Inc., TransPerfect, Inc., and TransPerfect Remote Interpreting, Inc. are all employers of TransPerfect employees.  As such, Defendants' argument that all Defendants except TransPerfect Translations International, Inc. should be dismissed is, at best, premature.  At a minimum, more discovery is necessary before motion practice over these joint employment allegations should be decided.

1

For these reasons, as more fully described below, Plaintiffs respectfully contend that Defendants' Motion to Dismiss the SAC (ECF No. 65) (the "Motion") should be denied in its entirety and this case should be allowed to proceed without further delay.

## FACTUAL BACKGROUND

This case is a putative class action brought on behalf of Plaintiffs and all of TransPerfect's salaried employees who worked for more than 40 hours in a workweek in Defendants' New York, New York offices from December 31, 2018 to the present and were compensated less than $1,125.00 per week. *See* SAC ¶ 30. TransPerfect employs hundreds of such employees, including Client Services Associates, Client Services Executives, Senior Client Services Executives, Project Coordinators, Project Managers, and Senior Project Managers, at its New York City offices. *See* SAC ¶ 21; Declaration of Carol Chuang, ECF No. 67 ("Chuang Affidavit") ¶ 6 (admitting at least 270 employees fit the class definition).[1] During this time period, which follows a change to the overtime exceptions in the New York Labor Law ("NYLL"), TransPerfect was required to pay all such employees overtime at a rate of at least one-and-one-half times their regularly hourly pay for each hour worked over forty. *See* SAC ¶¶ 21-23. However, TransPerfect roundly failed to pay these required overtime wages to the hundreds of salaried employees earning less than $1,125.00 per week, in direct violation of NYLL Art. 19 §§ 650, et seq. and 12 N.Y.C.R.R. § 142-2.2. *See* SAC ¶¶ 23-25.

In failing to provide legally required wages, TransPerfect also failed to provide all required wage notices and statements in violation of NYLL § 195(1)(a) and NYLL § 195(3) respectively. *See* SAC ¶¶ 26-29. Lacking substantive defenses against the clear-cut violations of

---

[1] As described more fully below, Plaintiffs require additional discovery to evaluate whether this count TransPerfect provided was improperly restrictive with its application of the proposed class definition, and if the number of putative class members is therefore actually higher.

overtime and wage statement laws, TransPerfect relies on a selective misreading of the CAFA statute to attempt to avoid liability through contesting the Court's subject matter jurisdiction.

## PROCEDURAL HISTORY

Plaintiff Metcalf, as a resident and citizen of Newport Beach, California (SAC ¶ 5), properly initiated this action on August 28, 2019, in the district where she resides, the Central District of California. *See* Original Complaint, ECF No. 1. To avoid unnecessary delay, Plaintiff Metcalf consented to Defendant TransPerfect Global, Inc.'s request to transfer this action to the Southern District of New York, and the Parties entered a stipulation to that effect on October 23, 2019. ECF No. 22. Despite Defendants' unsupported conclusion that venue was ever "improper" or "inappropriate" in the Central District of California (ECF No. 66 at 11), that was never an alleged, let alone conceded, element of the stipulation. *See* ECF No. 22. The Honorable Judge Andre Birotte granted the stipulation on October 28, 2019, (ECF No. 24) and the case was formally transferred to this Court on October 31, 2019. ECF No. 25.

On November 15, 2019, TransPerfect filed a motion to dismiss the initial complaint. ECF No. 37. Plaintiffs submitted their First Amended Complaint on December 9, 2019. ECF No. 45 ("FAC"). Although the FAC contained allegations of fact sufficient to establish jurisdiction under CAFA, it did not explicitly establish this statute as the basis for the Court's subject matter jurisdiction, as highlighted in Defendants' pre-motion letter for leave to file a motion to dismiss the FAC. ECF No. 50. On December 12, 2019, the Court issued an order for Plaintiffs to show cause as to why the FAC should not be dismissed (ECF No. 55), to which Plaintiffs responded one week later, requesting leave to file the SAC which clearly laid out the CAFA basis for jurisdiction. ECF No. 59. Leave to file was granted (ECF No. 61) and Plaintiffs filed the SAC on January 13, 2020. ECF No. 62.

3

On January 27, 2020, Defendants filed the instant Motion to Dismiss the SAC.  ECF No. 65.  At no point since its initiation in the Central District of California has this action ever been dismissed or otherwise terminated.

## ARGUMENT

### I.   Legal Standard

"[W]hile generally when a defendant asserts a challenge to the district court's subject matter jurisdiction pursuant to a Rule 12(b)(1) motion to dismiss, the plaintiff bears the burden of showing that the district court has jurisdiction, when jurisdiction is based on CAFA, the party seeking to avail itself of an exception to CAFA jurisdiction over a case originally filed in federal court bears the burden of proving the exception applies."  *Anirudh v. Citimortgage, Inc.,* 598 F. Supp. 2d 448, 451 (S.D.N.Y. 2009) (internal quotation marks and citations omitted) (cited by Defendants).  "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction."  *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

To survive a motion to dismiss under Rule 12(b)(6), a pleading must only set forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (plaintiff must generally plead more than "a formulaic recitation of the elements of a cause of action").  A claim is "plausible on its face" when the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Christiansen v. Omnicom Grp., Inc.*, 852 F.3d 195, 199 (2d Cir. 2017) (citing *Bell Atlantic*, 550 U.S. at 570).

**II.**     <u>**None Of The CAFA Exceptions Apply In This Action.**</u>

       Defendants attempt to invoke two mandatory exceptions to CAFA jurisdiction -- the "local controversy" (28 U.S.C. § 1332(d)(4)(A)(i)-(ii)) and "home state" exceptions (28 U.S.C. § 1332(d)(4)(B)) -- and one discretionary exception. 28 U.S.C. § 1332(d)(3). However, all three of these exceptions contain unambiguous, necessary conditions that a defined portion of the proposed class reside in "the State in which the action was *originally* filed." (emphasis added). While Defendants try to gloss over that New York is not the state in which this action was originally filed, that simple fact is absolutely fatal to their arguments.

    **A.**     <u>**New York Is Not The State Where This Action Was Originally Filed.**</u>

       As described supra., this action was originally filed in the Central District of California. *See* ECF No. 1. Defendants attempt to circumvent this plain fact by instead reading the applicability of the exception to apply to where the SAC was filed, not where the action originated. This is contrary to plain language of statute, and it would be inappropriate for the Court to ignore such unambiguous terms -- as the Supreme Court has held, "[w]hen the words of a statute are unambiguous . . . 'judicial inquiry is complete.'" *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) (quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981)). Defendants offer no legal authority for their contention that the filing of a SAC should be considered the initiation of a new action, rather what it clearly is: an amendment modifying the pleading in an existing action. Likewise, Defendants cite to no authority that the relevant state is that in which CAFA jurisdiction was first explicitly asserted.

       Of course Congress is perfectly capable of writing the statute such that it turns on the State in which the current operative complaint was filed, the State in which the case is currently being heard, or even the State in which jurisdiction under the statute was first asserted. But Congress employed none of these requirements; rather it clearly and directly stated that the

5

relevant consideration is the state in which the action was originally filed.  Indeed, the Supreme Court has "stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there."  *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992).  Plaintiffs respectfully contend that this Court should not read new and fundamentally different terms into the statute, nor read out the plain meaning of the word "originally," which Congress deliberately included when it could have chosen not to do so.

Unsurprisingly, *every single case* that Defendants cite to for each component of their arguments about these exceptions is inapposite, as each of those cases was originally filed in the same state where the court considered whether more than two-thirds of the class resided (or between one-third and two-thirds, for cases applying the discretionary exception).  *See Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70 (S.D.N.Y. 2006) (original complaint filed in S.D.N.Y. with court finding that population threshold was met for citizens of New York); *Weider v. Verizon New York Inc.*, No. 14-7378, 2015 WL 3464102 (E.D.N.Y. June 2, 2015) (original complaint filed in New York State Court, with court finding that population threshold was met for citizens of New York); *Fields v. Sony Corp. of Am.*, No. 13-6520, 2014 WL 3877431 (S.D.N.Y. Aug. 4, 2014) (same); *Lucker v. Bayside Cemetery*, 262 F.R.D. 185 (E.D.N.Y. 2009) (original complaint filed in E.D.N.Y. with court finding that population threshold was met for citizens of New York); *Kanowitz v. Broadridge Fin. Solutions, Inc.*, No. 13-0649, 2014 WL 1338370 (E.D.N.Y. Mar. 31, 2014) (same); *Moore v. IOD Inc.*, No. 14-8406, 2016 WL 8941200 (S.D.N.Y. Mar. 24, 2016) (original complaint filed in S.D.N.Y. with court finding that population threshold was met for citizens of New York); *Commisso v. PricewaterhouseCoopers LLP*, No. 11-5713, 2012 WL 3070217 (S.D.N.Y. July 27, 2012) (same); *Anirudh*, 598 F. Supp. 2d 448 (same); *Brook v. UnitedHealth Group, Inc.*, No. 06-12954 (S.D.N.Y. Sept. 27, 2007)

(original complaint filed in New York State Court, with court finding that population threshold was not met for citizens of New York); *Simmons v. Ambit Energy Holdings, LLC.*, No. 13-6249, 2014 WL 5026252 (S.D.N.Y. Sept. 30, 2014) (original complaint filed in S.D.N.Y. with court finding that population threshold was met for citizens of New York); *Smith v. Manhattan Club Timeshare Ass'n, Inc.*, 944 F. Supp. 2d 244 (S.D.N.Y 2013) (original complaint filed in New York State Court, with court finding that population threshold was met for citizens of New York).[2]

### B.   Even If The Court Determines That One Of The CAFA Exceptions Could Potentially Apply, More Discovery Is Required.

Even if the fact that New York is not the state in which this action was originally filed were somehow not fatal to Defendants' motion -- and it is -- Defendants should not be permitted to dismiss this case on the basis of a single affidavit from an affiant whom Plaintiffs have not had the opportunity to cross-examine.  Nor should Plaintiffs be denied the opportunity to conduct discovery to test the affiant's assertions.  The Chuang Affidavit asserts that 190 out of 270 class members are citizens of New York.  *See* ¶¶ 6-7.  But Plaintiffs have reason to doubt this assertion.

Many TransPerfect employees live in New Jersey and commute to work in TransPerfect's New York office.  Moreover, TransPerfect employees are relatively young and tend not to stay employed in TransPerfect's New York offices for long before moving from New York city. Indeed, Plaintiffs' counsel have represented seven TransPerfect employees as named plaintiffs in class litigation against TransPerfect – *five* of those employees were residents of states other than New York.  *See* ECF No. 62 at ¶¶ 5, 7 (reflecting that Plaintiffs are one New York resident and

---

[2] *MG Bldg Materials, Ltd. V. Paychex, Inc.*, 841 F. Supp. 2d 740 (W.D.N.Y. 2012) did not consider any of the CAFA exceptions in connection with the motion to remand.

one out-of-state resident); *Sackin v. Transperfect*, ECF No. 16 at ¶¶ 8-12 (reflecting that the plaintiffs were one New York resident and four out-of-state residents). Thus, it seems implausible that 70% of TransPerfect employees are truly citizens of New York.

The Chuang Affidavit does not describe with particularity how Plaintiffs' proposed class definition was cross-checked against Defendants' employment records, whether those records were improperly limited to TransPerfect Translations International Inc. when Plaintiffs allegations encompass employees of all TransPerfect entities employed in New York City, or whether it was limited to those employees with the titles of Client Services Associates, Client Services Executives, Senior Client Services Executives, Project Coordinators, Project Managers, and Senior Project Managers -- a list Plaintiffs specifically offered as examples, not as an exhaustive list. Moreover, the Chuang Affidavit does not specify the dates that the residency of the employees whose records were searched were identified (e.g., whether it was residency as of the date of their first day of employment, last date of employment, etc.). It is highly plausible that 190 out of 270 employees were once citizens of New York, but that a substantial portion of the employees have now moved, as Plaintiff Metcalf herself did. Thus, Plaintiffs respectfully contend that, at a minimum, more discovery is appropriate before the Court issues a ruling on the CAFA exceptions. *Accord Beye v. Horizon Blue Cross Blue Shield,* 568 F.Supp.2d 556, 573 n. 24 (D. N.J. 2008) ("Because neither Magellan nor Horizon has presented evidence that greater than two-thirds of the class members are from New Jersey, it would be premature for the Court to address this question of law at this time.").

### III.    Plaintiffs Have Adequately Pled A Joint Employer Relationship And Dismissal Of Any Defendant Would Be Premature.

TransPerfect represents itself to the public and to its employees, including Plaintiffs, as a unified entity. This includes explicitly representing to employees in mandatory employee

agreements that their "TransPefect employer" "includes but may not be limited to TransPerfect

Translations International Inc., TransPerfect Document Management, Inc., TransPerfect, Inc., or

TransPerfect Remote Interpreting, Inc. (collectively 'TransPerfect'), headquartered in New York,

New York with facilities located throughout the world." *See* SAC ¶ 18.  Each of the entities

likewise share principle offices in New York City.  *See id.*, at ¶¶ 9-13.  "New York law has long

recognized that it is possible for 'two corporations [to] have become so inextricably confused

that it is impossible or impracticable to identify the corporation that participated in the

transaction attacked.'" *D. Klein & Son, Inc. v. Good Decision, Inc.*, 147 Fed.Appx. 195, 197 (2d

Cir.2005) (quoting *Lowendahl v. Baltimore & Ohio R. Co.*, 247 A.D. 144, 156–57 (1st Dep't

1936), *aff'd* 272 N.Y. 360, 6 N.E.2d 56 (1936)).  Such inextricable confusion is present with

respect to TransPerfect's employee-facing representations.

Plaintiff has presented a sufficient showing at the lenient pleading stage to allege that

TransPerfect is single integrated enterprise with respect to its dealing with its employees at its

New York offices.  *See Trustees of the Mosaic & Terrazzo Welfare Pension, Annuity, &*

*Vacation Funds v. Cont'l Floors, Inc.*, No. 13-1739, 2013 WL 5637492, at *6 (E.D.N.Y. Oct. 15,

2013) (denying motion to dismiss and holding that "[t]he weight of authority compels the

conclusion that the allegations in the Complaint, although lean, are sufficient to state a plausible

claim" where plaintiff pled "on information and belief" that defendants shared common

employees, management, office locations, and business purpose); *Trustees of the Hollow Metal*

*Trust Fund v. FHA Firedoor Corp.*, No 12-7069, 2013 WL 1809673 (S.D.N.Y. Apr.30, 2013)

(denying motion to dismiss where plaintiffs "summarily pleaded each of" the factors of the alter

ego test); *Detroit Carpenters Fringe Benefit Funds v. Andrus Acoustical, Inc*., No. 11-14656,

2012 WL 601425 (E.D.Mich. Feb.23, 2012) (finding that plaintiffs sufficiently pleaded an alter

ego claim where they alleged that the entities "share management, equipment, facilities, employees, customers, and are both engaged in the [same] business" and that the owners of each exercise control over the other); *Flynn v. R.D. Masonry, Inc.*, 736 F.Supp.2d 54 (D.D.C. 2010) (holding that plaintiffs stated a plausible alter ego claim where they alleged that the defendants had "common ownership or management, and/or the same or similar employees, customers, and type of work" and that the defendants had the same address); *Operating Eng'rs Local 101 Pension Fund v. Al Muehlenberger Concrete Constr., Inc.*, No. 13-2050, 2013 WL 5409116 (D.Kan. Sept.26, 2013).  Further evidence of how TransPerfect operates as a unified entity in the exclusive possession and control of Defendants.  As such, Plaintiffs should, at a minimum, be allowed to complete discovery on this issue.

## <u>CONCLUSION</u>

For the reasons stated above, Plaintiffs respectfully contend that Defendants' Motion to Dismiss the SAC should be denied.


Dated: February 24, 2020                     Respectfully Submitted,

                               By:    */s/ Jeremiah Frei-Pearson*
                                      Jeremiah Frei-Pearson
                                      Todd S. Garber
                                      Andrew C. White
                                      FINKELSTEIN, BLANKINSHIP,
                                      FREI-PEARSON & GARBER, LLP
                                      445 Hamilton Ave, Suite 605
                                      White Plains, New York 10601
                                      Telephone: (914) 298-3290
                                      jfrei-pearson@fbfglaw.com
                                      tgarber@fbfglaw.com
                                      awhite@fbfglaw.com
                                      *Attorneys for Plaintiff and the Class*