## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MICHELE METCALF and HANNAH LAWSON, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

TRANSPERFECT TRANSLATIONS INTERNATIONAL, INC.,

Defendant.

Case No.  1:19-cv-10104 (AJN) (KHP)

**DEFENDANT TRANSPERFECT TRANSLATIONS INTERNATIONAL INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED CLASS ACTION COMPLAINT**

Defendant TransPerfect Translations International Inc. ("Defendant"), as and for its Answer and Affirmative Defenses to the Second Amended Class Action Complaint, dated December 20, 2019 (the "SAC"), of Plaintiffs Michele Metcalf ("Metcalf") and Hannah Lawson ("Lawson") (collectively, "Plaintiffs"), states as follows:

### NATURE OF THE CASE

1.      Defendant denies the allegations in Paragraph 1 of the SAC, except admits that the action purports to be brought as alleged.  By way of further response, Defendant denies that Plaintiffs' claims have any factual or legal merit, denies that any of the claims purportedly set forth in the SAC are suitable for class determinations within and under Rule 23 of the Federal Rules of Civil Procedure or the New York Labor Law (the "NYLL"), and further denies that Plaintiffs or members of the putative class they purport to represent are entitled to any of the relief sought in the SAC.

2.      The allegations in Paragraph 2 of the SAC contain conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 2 of the SAC.

3.      Defendant denies the allegations in Paragraph 3 of the SAC.

4.      Defendant denies the allegations in Paragraph 4 of the SAC.

**THE PARTIES**

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the SAC regarding Metcalf's residence, and these allegations are, therefore, denied.  The remaining allegations contained in Paragraph 5 of the SAC, including the allegations set forth in footnote one, are denied, except Defendant admits that Metcalf is a former employee who was employed by Defendant from approximately November 2016 through September 2019, and that Metcalf transferred to Defendant's Newport Beach, California office in approximately June 2019.

6.      Defendant denies the allegations in Paragraph 6 of the SAC.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the SAC regarding Lawson's residence, and these allegations are, therefore, denied.  The remaining allegations contained in Paragraph 7 of the SAC, including the allegations set forth in footnote two, are denied, except Defendant admits that Lawson is a former employee who was employed by Defendant from approximately June 2018 through October 9, 2019, and that Lawson worked part-time for 32 hours per week from approximately April 7, 2019 through October 9, 2019.

8.      Defendant denies the allegations in Paragraph 8 of the SAC, including the allegations set forth in footnote three.

9.      Defendant states that the allegations contained in Paragraph 9 of the SAC relate solely to claims that were dismissed pursuant to the Court's Opinion and Order, dated November 30, 2020, and, accordingly, no response is required.

10.     Admitted.

11.     Defendant states that the allegations contained in Paragraph 11 of the SAC relate solely to claims that were dismissed pursuant to the Court's Opinion and Order, dated November 30, 2020, and, accordingly, no response is required.

12.     Defendant states that the allegations contained in Paragraph 12 of the SAC relate solely to claims that were dismissed pursuant to the Court's Opinion and Order, dated November 30, 2020, and, accordingly, no response is required.

13.     Defendant states that the allegations contained in Paragraph 13 of the SAC relate solely to claims that were dismissed pursuant to the Court's Opinion and Order, dated November 30, 2020, and, accordingly, no response is required.

14.     Defendant denies the allegations in Paragraph 14 of the SAC.  By way of further response, Defendant states that TransPerfect Global, Inc., TransPerfect Document Management, Inc., TransPerfect, Inc., and TransPerfect Remote Interpreting, Inc. (collectively, the "Dismissed Defendants") are no longer parties to this action pursuant to the Court's Opinion and Order, dated November 30, 2020.  As such, employees of the Dismissed Defendants cannot be included within the putative class.

## JURISDICTION AND VENUE

15.     The allegations in Paragraph 15 of the SAC contain conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 15 of the SAC.

16.     The allegations in Paragraph 16 of the SAC contain conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 16 of the SAC.

17.     The allegations in Paragraph 17 of the SAC contain conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 17 of the SAC.

## OPERATIVE FACTS

### Defendants Are Joint Employers

18.     Defendant states that the allegations contained in Paragraph 18 of the SAC relate solely to claims that were dismissed pursuant to the Court's Opinion and Order, dated November 30, 2020, and, accordingly, no response is required.

### Defendants' Failure to Pay Overtime

19.     Defendant denies the allegations in Paragraph 19 of the SAC.

20.     Defendant denies the allegations in Paragraph 20 of the SAC.

21.     Defendant denies the allegations in Paragraph 21 of the SAC.  By way of further response, Defendant states that the Dismissed Defendants are no longer parties to this action pursuant to the Court's Opinion and Order, dated November 30, 2020.  As such, employees of the Dismissed Defendants cannot be included within the putative class.

22.     The allegations in Paragraph 22 of the SAC contain conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 22 of the SAC.

23.     The allegations in Paragraph 23 of the SAC contain conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 23 of the SAC.

24.     The allegations in Paragraph 24 of the SAC contain conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 24 of the SAC.

25.     Defendant denies the allegations in Paragraph 25 of the SAC, including the allegations set forth in footnote four.

### Failure to Provide Required Wage Notices

26.     The allegations in Paragraph 26 of the SAC contain conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 26 of the SAC.

27.     Defendant denies the allegations in Paragraph 27 of the SAC.

### Failure to Provide Required Wage Statements

28.     The allegations in Paragraph 28 of the SAC contain conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 28 of the SAC.

29.     Defendant denies the allegations in Paragraph 29 of the SAC.

### CLASS ACTION ALLEGATIONS

30.     Defendant admits only that Plaintiffs seek to prosecute their NYLL claims as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of a putative class of salaried employees they purport to represent.  The remaining allegations in Paragraph 30 of the SAC are denied.  By way of further response, Defendant denies that Plaintiffs' claims have any factual or legal merit, denies that any of the claims purportedly set forth in the SAC are suitable for class determinations within and under Rule 23 of the Federal Rules of Civil Procedure or the

NYLL, and further denies that Plaintiffs or members of the putative class they purport to represent are entitled to any of the relief sought in the SAC.

31.     Defendant denies that any of the claims purportedly set forth in the SAC are suitable for class determinations within and under Rule 23 of the Federal Rules of Civil Procedure or the NYLL, but admits the remaining allegations in Paragraph 31 of the SAC concerning exclusions from the purported class.

32.     Defendant denies the allegations in Paragraph 32 of the SAC.

33.     Defendant denies the allegations in Paragraph 33 of the SAC.

34.     Defendant denies the allegations in Paragraph 34 of the SAC.

35.     Defendant denies the allegations in Paragraph 35 of the SAC.

27.     The allegations in Paragraph 27 of the SAC contain conclusions of law to which no response is required.[1]   To the extent a response is required, Defendant denies the allegations in Paragraph 27 of the SAC.

28.     Defendant denies the allegations in Paragraph 28 of the SAC.

29.     Defendant denies the allegations in Paragraph 29 of the SAC.  By way of further response, Defendant denies that Plaintiffs' claims have any factual or legal merit, denies that any of the claims purportedly set forth in the SAC are suitable for class determinations within and under Rule 23 of the Federal Rules of Civil Procedure or the NYLL, and further denies that Plaintiffs or members of the putative class they purport to represent are entitled to any of the relief sought in the SAC.

---

[1] Paragraph 27 mistakenly follows Paragraph 35 in the SAC, and then continues through Paragraph 48.  Although this is plainly an error given that Plaintiffs presumably did not intend to repeat paragraph numbers, the Answer mirrors the erroneous paragraph numbers in the SAC to avoid any further confusion.

**COUNT I**
**Failure to Pay Wages Due In Violation Of NYLL**
**(On Behalf of Plaintiffs and the Class members)**

30.    Defendant repeats, realleges and restates its foregoing responses as though fully restated herein.

31.    The allegations in Paragraph 31 of the SAC contain conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 31 of the SAC.

32.    The allegations in Paragraph 32 of the SAC contain conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 32 of the SAC.  By way of further response, Defendant states that the Dismissed Defendants are no longer parties to this action pursuant to the Court's Opinion and Order, dated November 30, 2020, and are not employers of the Plaintiffs or the putative class.

33.    The allegations in Paragraph 33 of the SAC contain conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 33 of the SAC.

34.    The allegations in Paragraph 34 of the SAC contain conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 34 of the SAC.

35.    The allegations in Paragraph 35 of the SAC contain conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 35 of the SAC.

36.    Defendant denies the allegations in Paragraph 36 of the SAC.

37.    Defendant denies the allegations in Paragraph 37 of the SAC.

38.    Defendant denies the allegations in Paragraph 38 of the SAC.

## COUNT II

### Failure To Provide Wage Notices In Violation of NYLL
### (On Behalf of Plaintiffs and the Class Members)

39.    Defendant repeats, realleges and restates its foregoing responses as though fully restated herein.

40.    The allegations in Paragraph 40 of the SAC contain conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 40 of the SAC.

41.    Defendant denies the allegations in Paragraph 41 of the SAC.

42.    Defendant denies the allegations in Paragraph 42 of the SAC.

43.    The allegations in Paragraph 43 contain conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 43 of the SAC.

## COUNT III

### Failure To Provide Required Wage Statements In Violation of NYLL
### (On Behalf of Plaintiffs and the Class Members)

44.    Defendant repeats, realleges and restates its foregoing responses as though fully restated herein.

45.    The allegations in Paragraph 45 of the SAC contain conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 45 of the SAC.

46.    Defendant denies the allegations in Paragraph 46 of the SAC.

47.    Defendant denies the allegations in Paragraph 47 of the SAC.

48.     The allegations in Paragraph 48 contain conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 48 of the SAC.

### PRAYER FOR RELIEF

Defendant denies that Plaintiffs or the members of the putative class they purport to represent are entitled to any judgment or relief sought in the SAC, whether monetary, equitable or otherwise, including, but not limited to any relief sought in subparts (a) through (m) of the penultimate paragraph of the SAC, which begins with the phrase "WHEREFORE, Plaintiffs …."

### JURY TRIAL DEMAND

Defendant acknowledged Plaintiffs' demand for a trial by jury pursuant to FED. R. CIV. P. 38.

### GENERAL DENIAL

Defendant denies each and every allegation set forth in the SAC which is not specifically admitted herein.

### AFFIRMATIVE DEFENSES

Defendant does not knowingly or intentionally waive any applicable defense and reserves the right to assert and rely on such other applicable defenses as may become available or apparent during the course of the proceedings.  Defendant further reserves the right to amend its Answer and/or defenses accordingly, and/or delete defenses that it determines are not applicable, during the course of the proceedings.  Without assuming any burdens that it would not otherwise bear, Defendant asserts the following defenses:

## FIRST AFFIRMATIVE DEFENSE

The SAC fails, in whole or in part, to state a claim upon which relief may be granted or for which the relief or recovery sought can be awarded to Plaintiffs or the members of the putative class.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' purported claims and those of the members of the putative class they purport to represent are barred, in whole or in part, by the applicable statutes of limitations and/or by the equitable doctrines of laches, unclean hands, waiver and estoppel.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and any claims brought on behalf of the members of the putative class they purport to represent, are barred in whole or in part to the extent that the work performed by Plaintiffs and/or the putative class falls within the exemptions or exceptions provided under NYLL Article 19, §§ 650, *et seq.*, and/or N.Y.C.R.R. Title 12, § 142, *et seq.*

## FOURTH AFFIRMATIVE DEFENSE

Defendant at all times acted in good faith toward Plaintiffs and the members of the putative class they purport to represent with the reasonable belief that its actions complied with applicable state laws, and at no time willfully violated any of the laws pursuant to which Plaintiffs bring the instant action on behalf of themselves or the putative class.

## FIFTH AFFIRMATIVE DEFENSE

Defendant at all times acted reasonably and in good faith in attempting to comply with its obligations under the NYLL.  Accordingly, liquidated damages are not available or warranted with respect to Plaintiffs or members of the putative class they purport to represent under the provisions of the NYLL.

## SIXTH AFFIRMATIVE DEFENSE

Defendant fully compensated Plaintiffs and members of the putative class they purport to represent, in compliance with the NYLL.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs and the members of the putative class they purport to represent are not entitled, in whole or in part, to the relief and damages sought in the SAC.

## EIGHTH AFFIRMATIVE DEFENSE

The purported claims of the Plaintiffs and various members of the putative class they purport to represent may be barred by payment, setoff, settlement, waiver, release and/or accord and satisfaction.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not adequate representatives of the putative class that they purport to represent and, as such, should not be part of any action under the NYLL.

## TENTH SEPARATE DEFENSE

The SAC is barred, in whole or in part, because Plaintiffs cannot satisfy the statutory and/or other prerequisites to proceed as a class under Rule 23 of the Federal Rules of Civil Procedure, including *inter alia*, numerosity, common questions of law or fact, typicality, superiority of maintaining the instant action as a class action, and their ability to fairly and adequately protect the interests of the class they purport to represent, and further because Plaintiffs' claims and the claims of each member of the putative class require independent and individual analysis.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs or one or more of the members of the putative class they purport to represent lack standing or are otherwise not entitled to bring, maintain or participate in some or all of the claims contained in the SAC.

## TWELFTH AFFIRMATIVE DEFENSE

The proposed class cannot be certified because, even if Defendant violated the NYLL (which it denies), it did not do so pursuant to a uniform policy or plan.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as to hours allegedly worked where Defendant did not have actual or constructive knowledge of such hours worked.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant's pay practices comply with and have complied with at all relevant times the requirements of all applicable statutes, including the NYLL, and all applicable regulations of the New York State Department of Labor.

## FIFTEENTH AFFIRMATIVE DEFENSE

The SAC, and each purported cause of action contained therein, is barred because Plaintiffs were at all relevant times exempt from coverage under the applicable exemption of the NYLL.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs or any member of the putative class they purport to represent is deemed to be a non-exempt "employee" of Defendant and not paid for work in excess of 40 hours in a workweek (which is denied), the uncompensated time is *de minimis*.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

All of the claims of one or more members of the putative class are subject to mandatory arbitration agreements.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for monetary relief and any claims for monetary relief alleged on behalf of the putative class they purport to represent are barred in whole or in part because they have not suffered any injury or damage as a result of any act or omission allegedly taken by Defendant.

**NINETEENTH AFFIRMATIVE DEFENSE**

The imposition of statutory penalties would violate Defendant's rights, including the right to due process and equal protection under the New York and United States Constitutions and other laws.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims on behalf of themselves and the putative class are barred by the "window of correction" defense.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' request for injunctive relief fails to state a claim and should be dismissed because there is no risk of irreparable injury or harm.  Plaintiffs have an adequate remedy at law.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction over the SAC.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs and the putative class members are not entitled to prejudgment interest, even if they prevail.

## <u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>

Defendant intends to rely upon any other defense that may become available during the proceedings in this case, and hereby reserves its right to amend its Answer to assert any such defenses.

**WHEREFORE,** Defendant respectfully requests that the Court:

A.  Dismiss the SAC in its entirety with prejudice;

B.  Deny each and every demand and prayer for relief contained in the SAC;

C.  Award Defendant its costs and reasonable attorneys' fees; and

D.  Award Defendant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       December 14, 2020

Respectfully submitted,

**DLA PIPER LLP (US)**

By: <u>/s/ Daniel Turinsky</u>

Daniel Turinsky, Esq.
Garrett David Kennedy, Esq.
Janeen R. Hall, Esq.
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 335-4500
Fax: (212) 335-4501
daniel.turinsky@us.dlapiper.com
garrett.kennedy@us.dlapiper.com
janeen.hall@us.dlapiper.com

*Attorneys for Defendant TransPerfect*
*Translations International Inc.*