```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/13/2022
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
MICHELE METCALF and HANNAH
LAWSON, individually and on behalf of all
others similarly situated,

                            Plaintiffs,                                  **19-CV-10104 (AJN) (KHP)**

                -against-                                           **ORDER**

TRANSPERFECT TRANSLATIONS
INTERNATIONAL, INC.,

                            Defendant.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

Before the Court is Defendant's Letter Motion to Seal "Exhibit A," which is an exhibit filed in connection with its Second Motion to Dismiss the Second Amended Complaint. (ECF No. 150.) Exhibit A is currently filed under seal at ECF 153-1. For the reasons stated below, the motion is DENIED without prejudice.

**BACKGROUND**

On January 29, 2021, the Honorable Alison J. Nathan entered a protective order in this case governing the handling of confidential material. (ECF No. 88.) The order allows the parties to designate as "Confidential" material or information that contains certain non-public business, commercial, financial, or personal information. (*Id.* ¶¶ 1-2.) The Protective Order provides that "[n]otwithstanding the designation of material as 'Confidential' in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal." (*Id.* ¶ 9.)

On February 25, 2022, Defendant moved to dismiss the Plaintiffs' Second Amended Complaint. (ECF No. 132.) Plaintiffs filed their opposition to Defendant's motion on April 11,

1

2022, (ECF No. 141), and Defendant filed its reply on May 2, 2022, (ECF No. 151). Alongside its reply, Defendant filed an attorney declaration, which attached three exhibits. Defendant withheld Exhibit A to the declaration, filing in its place a blank page that states: "Exhibit A (To Be Filed Under Seal)." (ECF No. 152-1.) Defendant separately filed Exhibit A under seal such that it is viewable only to the Court and the parties. (ECF No. 153-1.)

## LEGAL STANDARD

The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). "Documents submitted in support of or opposition to a dispositive motion are judicial documents." *City of Almaty, Kazakhstan v. Sater*, 2019 WL 5963438, at *1 (S.D.N.Y. Nov. 13, 2019). To overcome the presumption of public access over a judicial document, the court must make "specific, on the record findings" that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." *Lugosch,* 435 F.3d at 120 (citation omitted).

Confidentiality agreements alone are not an adequate basis for sealing. *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ireland) Ltd.*, 2021 WL 3540221, at *2 (S.D.N.Y. Aug. 11, 2021). Material designated as Confidential by a protective order "might not overcome the presumption of public access once it becomes a judicial document." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015).

## APPLICATION

Because Exhibit A was submitted in support of Defendant's dispositive motion, it is a judicial document to which a presumption of the right of public access attaches. *Sater*, 2019 WL 5963438, at *1. Defendant argues that the presumption against sealing is overcome

because the document contains commercially sensitive business information that is designated "Confidential" pursuant to the Protective Order. (ECF No. 150 at 2.) The commercially sensitive information in question includes information derived from "[w]age statements, pay records, and email transmission logs of TransPerfect employees." (*Id.*)

That Exhibit A includes information protected by the Protective Order is not sufficient to overcome the presumption of the public right of access. *Susquehanna,* 2021 WL 3540221, at *3. However, that the document contains commercially sensitive business information may be sufficient to overcome the presumption, provided there is "a risk of competitive harm" to Defendant. *Id.* Here, Defendant has not alleged any specific harm it would suffer if the information in the Exhibit is made public. Thus, the Court cannot make specific, on the record findings that sealing is necessary.

The request is also not narrowly tailored. Defendant requests to seal the entire exhibit, even though the exhibit includes information that is not commercially sensitive, such as (but not limited to) the number of employees at issue, the corrected overtime rate used to calculate damages, and the total amount of damages calculated. A narrowly tailored request would propose limited redactions of only the commercially sensitive information. *See id.* at *4 (finding sealing request was not narrowly tailored where proposed redactions included information with no apparent relation to the party's commercial terms or business operations).

**CONCLUSION**

For the reasons set forth above, the motion to seal (ECF No. 150) is DENIED without prejudice to a revised motion that: (1) proposes narrowly tailored redactions; and (2) explains— as to each proposed redaction—why public disclosure of the information might harm

Defendant. Any revised motion must be filed by June 27, 2022. Absent such a filing, material filed under seal at ECF No. 153 will be unsealed.

Dated:   June 13, 2022
       New York, New York

                                          Respectfully submitted,

                                          *[signature: Katharine H. Parker]*

                                          KATHARINE H. PARKER
                                          United States Magistrate Judge