

**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

1 NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

December 21, 2022

**VIA ECF**
Hon. Edgardo Ramos
United States District Court Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**, last page

Re:  <u>*Metcalf v. TransPerfect Global Inc.*, No. 1:19-cv-10104-ER-KHP (S.D.N.Y.)</u>

Dear Judge Ramos,

      Pursuant to Your Honor's Individual Rules and Practices § 3(ii), the Local Rules of the Southern District of New York, and the Southern District's Electronic Case Filing Rules & Instructions, Plaintiffs Michele Metcalf and Hannah Lawson respectfully submit this request to file under seal unredacted versions of (i) Plaintiffs' Response to Defendant's Objections to the November 15, 2022 Report and Recommendation of United States Judge Parker ("Plaintiffs' Response") and (ii) Exhibits TK to the Declaration of Andrew C. White ("White Decl."),[1] and to file redacted versions of these submissions as the publicly available filings.

      In accordance with the above-referenced Rules, unredacted versions of the above-referenced documents, along with redacted versions, are being filed contemporaneously with this request, and copies of this letter and the unredacted and redacted versions of the above-referenced documents shall be contemporaneously mailed to Your Honor.

      In this action, the parties are subject to a Stipulated Protective Order approved by this Court.  ECF No. 88.  Under the terms of this Order, a party may designate as "Confidential" or material or information that the party "contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others." *Id*. ¶¶ 1-2.  Properly designated Confidential material may not be disclosed publicly under the terms of the Order (*id*. ¶ 5 (providing exhaustive lists of persons or entities to whom such information may be disclosed)) and must instead be filed under seal pursuant to the Court's Individual Practices.  *Id*. ¶¶ 9-10.

      Defendant TransPerfect Translations International, Inc. ("TransPerfect") has designated the following materials, which are described with particularity in Plaintiffs' Response as Confidential under the terms of the Stipulated Protective Order:

- White Decl. Exhibit 1 -- Spreadsheet produced under Bates Stamp TPT 17996, containing TransPerfect's internal estimates of overtime pay due to select employees,

---

[1] The ECF "Viewing Level" for these documents will be limited to "Selected Parties."

previously filed under seal as ECF No. 144-1 and described with particularity in Plaintiffs' Response.

- White Decl. Exhibit 2 -- Retroactive payment letter to TransPerfect employee Jenna Ronbeck dated September 17, 2019, produced under Bates Stamp TPT 1182, previously filed under seal as ECF No. 144-2 and described with particularity in Plaintiffs' Response.

Although there is a presumption of public access to judicial documents, Federal Rule of Civil Procedure 26(c) authorizes district courts, upon a showing of good cause, to "require that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." Fed. R. Civ. P. 26(c)(1)(H). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotations and alterations omitted). These "countervailing factors include but are not limited to . . . the privacy interests of those resisting disclosure." *Id*. (internal quotations omitted).

Here, Plaintiffs seek leave to file Plaintiffs' Response with all references to Confidential exhibits redacted in keeping with these confidentiality designations and representation that these documents contain trade secrets and/or commercially sensitive business information of Defendant.

This request is narrowly tailored in that it relates only to documents designated by Defendant as Confidential pursuant to the Stipulated Protective Order and will allow Plaintiffs' filings to be redacted only to the extent necessary to protect Defendant's claimed business interests. Plaintiffs take no position for the purpose of this filing as to whether these materials were properly designated by Defendant and reserve all rights to challenge any such designation consistent with the terms of the Stipulated Protective Order.

Based on the foregoing, Plaintiffs respectfully request that: (i) the Court approve this request to file documents under seal; (ii) the redacted versions of Plaintiffs' Response and White Decl. Exhibits 1 and 2 be accepted as the public version to be electronically filed; and (iii) that the Court grant Plaintiffs leave to file un-redacted version of the same under seal.

Respectfully submitted,

By: */s/ Jeremiah Frei-Pearson*
Jeremiah Frei-Pearson

CC: All Counsel of Record via ECF

> Plaintiff's requests are granted. Plaintiff may file un-redacted versions, under seal, of their response, as well as Exhibits 1 and 2 attached to the White Declaration. The redacted versions of their response and Exhibits 1 and 2 attached to the White Declaration and may be filed electronically for public access.
>
> Edgardo Ramos, U.S.D.J.
> Dated: December 22, 2022
> New York, New York