UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MICHELE METCALF** and **HANNAH LAWSON**, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>     v.<br><br>**TRANSPERFECT TRANSLATIONS INTERNATIONAL, INC.,**<br><br>    Defendant. | Case No.  19-cv-10104 (ER) (KHP)<br><br>**THIRD AMENDED**<br>**CLASS ACTION COMPLAINT** |

Michele Metcalf and Hannah Lawson (collectively, "Plaintiffs"), by and through their undersigned attorneys, hereby make the following allegations against TransPerfect Translations International, Inc. ( "Defendant" or "TransPerfect") concerning their acts upon actual knowledge and concerning all other matters upon information, belief, and the investigation of counsel:

## NATURE OF THE CASE

1.     This is a class action on behalf of Plaintiffs and all of Defendant's salaried employees being compensated at less than $1,125.00 per week -- including Client Services Associates, Client Services Executives, Senior Client Services Executives, Project Coordinators, Project Managers, and Senior Project Managers -- who worked in Defendant's New York, New York offices from December 31, 2018 to the present (the "Class Period") who worked more than 40 hours in a workweek (the "Class Members").

2.     Throughout the Class Period, Plaintiffs and the other Class Members regularly worked in excess of 40 hours per week – often working 50 to 55 hours or more each week. Unless an exemption applies, pursuant to 12 N.Y.C.R.R. § 142-2 New York employers are

1

required to pay their employees one-and-one half times their regular hourly rate of pay for each hour worked over forty.  Pursuant to 2 N.Y.C.R.R. § 142-2.14(4), employers are not required to pay overtime for hours worked over 40 to bona fide executive, administrative, or professional employees provided that their weekly pay meets or exceeds a certain minimum threshold.  For New York City employees of large employers who employ 11 or more employees, the minimum weekly threshold after December 31, 2018 is $1,125.00.  Defendant paid Plaintiffs and the other Class Members less than $1,125.00 each week throughout the Class Period.  Accordingly, this exemption did not apply.

3.  Even though no exemption applied, Defendant failed to pay Plaintiffs and the other Class Members one-and-one-half times their regular rate of pay for all hours worked over 40.  Defendant willfully violated the New York Labor Law ("NYLL"), Article 19, §§ 650, *et seq*. and 12 N.Y.C.R.R. § 142-2.2.

4.  Additionally, Defendant failed to furnish Plaintiffs and the other Class Members with a statement with every wage payment stating their regular hourly rate(s) of pay, overtime rate or rates of pay, number of regular hours worked and number of overtime hours worked in the statement, thereby violating NYLL § 195(3).  Plaintiffs seek redress for themselves and the other Class Members for these violations.

## THE PARTIES

5.  Plaintiff Metcalf is an adult resident and citizen of San Francisco, California. Plaintiff Metcalf worked for Defendant from approximately November 2016 to September 2019. Plaintiff Metcalf initially started working for Defendant as a Client Services Associate in its District of Columbia office in November 2016 and earned an annual salary of $35,000.  In August 2017, Defendant promoted Plaintiff Metcalf to the position of Client Service Executive

and paid her an annual salary of $45,000. In January 2018, Plaintiff Metcalf transferred to Defendant's 3 Park Avenue, New York, New York office where she worked as a Client Services Associate and earned an annual salary of $51,000. In November 2018 she was promoted to Senior Client Services Executive with an annual salary of $56,000, which was $1,076.92 per week. Plaintiff Metcalf held this position in Defendant's 3 Park Avenue, New York, New York office and continued to earn $1,076.92 per week from November 2018 until June 2019. During this time Plaintiff Metcalf generally worked over 50 to 55 hours per week.[1]

6. As a Client Services Executive and Senior Client Services Executive for Defendant, Plaintiff Metcalf's duties included account management and sales support services. Plaintiff Metcalf is personally familiar with, and has been personally affected by, the policies and practices described in this Complaint.

7. Plaintiff Lawson is an adult resident and citizen of Sunnyside, New York. Plaintiff Lawson worked for Defendant in its office at 3 Park Avenue, New York, New York from approximately June 18, 2018 to October 9, 2019. Plaintiff Lawson started as a Project Coordinator for Defendant in approximately June 2018, earning $43,000 per year. In December 2018, Defendant promoted Plaintiff Lawson to the position of Project Manager. From approximately December 2018 to April 7, 2019, Defendant paid Plaintiff $980.77 per week, based on a projected annual salary of $51,000. During this time Plaintiff Lawson worked an average of 45 hours for Defendant each week.[2]

---

[1] In June 2019 Plaintiff transferred to Defendant's Newport Beach, California office where she worked as a Senior Client Services Executive until approximately September 2019.

[2] From approximately April 7, 2019 to October 9, 2019, she worked 4 days per week for Defendant for $24.52 per hour. During this time Plaintiff Lawson worked an average of 32 to 35 hours each week for Defendant.

3

8. As a Project Coordinator and then a Project Manager[3] for Defendant, Plaintiff Lawson oversaw and managed the translation of confidential documents for Defendant's clients. Plaintiff Lawson is personally familiar with, and has been personally affected by, the policies and practices described in this Complaint.

9. Defendant TransPerfect Translations International, Inc. is a corporation with its principal place of business in New York, New York.

10. Collectively, TransPerfect employs over 4,000 individuals, including more than an estimated hundred salaried employees making less than $1,125.00 per week, including Client Service Associates, Client Services Executives, Senior Client Services Executives, Project Coordinators, Project Managers, and Senior Project Managers, in New York, New York.

## JURISDICTION AND VENUE

11. This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which the proposed plaintiff class is comprised of at least 100 members, any member of a class of plaintiffs is a citizen of a state and any defendant is a citizen or subject of a foreign state, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. The total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

---

[3] Defendant hires employees to work as Project Coordinators at an an annual salary of approximately $48,000.00 for their first six months. After they complete six months on the job, they are routinely promoted to Project Managers and their pay is increased to approximately $51,000 per year. The work performed by the Project Coordinators and Project Managers is identical.

4

12. This Court has personal jurisdiction over Defendant because Defendant is a citizen of New York authorized to conduct and do business in New York, and does conduct and do business in New York, including within this District.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Defendant resides in this District and Plaintiffs suffered the losses at issue in this District.

## OPERATIVE FACTS

### Defendant's Failure To Pay Overtime

14. From November 2018 through June 2019 Plaintiff Metcalf earned $1,076.92 per week working as a Senior Client Services Executive in Defendant's 3 Park Avenue, New York, New York office. During this time Plaintiff Metcalf generally worked in excess of 40 hours each week -- often working 50 to 55 hours per week.

15. From December 2018 to April 7, 2019 Plaintiff Lawson earned $980.77 per week working as a Project Manager in Defendant's 3 Park Avenue, New York, New York office. During this time Plaintiff Lawson generally worked in excess of 40 hours each week -- often working approximately 45 hours per week.

16. Upon information and belief, from December 31, 2018 to the present Defendant has employed at least hundreds of other salaried employees earning less than $1,125.00 per week, including Client Services Associates, Client Services Executives, Senior Client Services Executives, Project Coordinators, Project Managers, and Senior Project Managers, in their New York, New York offices (the "Class Members"). The Class Members earned about $980.77 to $1,076.92 throughout this time period. Like Plaintiffs, they also worked over 40 hours each week -- often working in excess of 45 to 55 hours each week.

17. Unless an exemption applies, pursuant to 12 N.Y.C.R.R. § 142-2, New York employers are required to pay their employees one-and-one half times their regular hourly rate of pay for each hour worked over forty.

18. Pursuant to 2 N.Y.C.R.R. § 142-2.14(4), employers are not required to pay overtime for hours worked over 40 to bona fide executive, administrative, or professional employees provided that their weekly pay meets or exceeds a certain minimum threshold. For New York City employees of large employers who employ 11 or more employees, the minimum weekly threshold after December 31, 2018 is $1,125.00. Thus, the exemption does not apply to Plaintiffs and the other Class Members. Upon information and belief, Plaintiffs and the other Class Members made less than $1,125.00 each week throughout the Class Period.

19. Defendant was therefore required to pay overtime to Plaintiffs and the other Class Members for every hour they worked in excess of 40 each week, but Defendant did not.

20. Defendant's actions as described herein were intentional and not made in good faith. Indeed, many of the Class Members spoke with Defendant about this problem multiple times. Defendant has promised to remedy the problem, but has failed to do so.[4]

**Failure To Provide Required Wage Statements**

21. NYLL § 195(3) requires employers to furnish employees with a statement with every wage payment and, for all employees who are not exempt from overtime compensation, to include their regular hourly rate(s) of pay, overtime rate or rates of pay, number of regular hours worked and number of overtime hours worked in the statement.

---

[4] On or about September 17, 2019, Defendant, recognizing the illegality of its wage policies at issue, unilaterally issued payments to some employees, including Plaintiff Lawson. These payments did not make Plaintiffs or Class Members whole or account for Defendant's violations in failing to provide accurate wage statements.

6

22. Statutorily-required accurate wage statements provide employees with necessary and vital information about employees' pay which would otherwise be in the exclusive possession and control of their employers. Without accurate wage statements each pay period, employees including Plaintiffs and Class Members are deprived of the means to confirm that they are being paid accurately and adequately both under applicable state and federal law and under the terms of their employment with Defendant.

23. Even though Plaintiffs and the other Class Members are not exempt from overtime compensation, Defendant did not provide them with wage statements including their regular hourly rate or rates of pay, overtime rate or rates of pay, number of regular hours worked or number of overtime hours worked.

24. By providing inaccurate wage notices to their employees throughout the same time period that they were withholding legally-required overtime pay from Plaintiffs and Class Members, Defendant willfully denied Plaintiffs and Class Members relevant information to which these employees were legally entitled -- and which Defendant was legally required to provide to them -- that could have permitted Plaintiffs and Class Members to determine that they were being underpaid.

25. Likewise, by withholding vital payment information that they were legally required to provide to their employees in accurate wage statements, Defendant denied Plaintiffs and Class Members the means to determine whether any alleged subsequent retroactive payments failed to cover the previously withheld overtime wages.

## CLASS ACTION ALLEGATIONS

26. Pursuant to Fed. R. Civ. P. 23 Plaintiffs brings their NYLL and NYCRR claims on behalf of themselves and all of Defendant's salaried employees being compensated at less

Case 1:19-cv-10044-EK-KHP Document 191-2 Filed 04/07/23 Page 7 of 14

than $1,125.00 per week -- including Client Services Associates, Client Services Executives, Senior Client Services Executives, Project Coordinators, Project Managers, and Senior Project Managers -- who worked in Defendant's New York, New York offices from December 31, 2018 to the present (the "Class Period") who worked more than 40 hours in a workweek (the "Class Members").

27. The Class specifically excludes Defendant, any parent, subsidiary, or affiliate of Defendant, any entity in which Defendant has a controlling interest, or which Defendant otherwise controls, any officer, director, legal representative, predecessor, successor, or assignee of Defendant.

28. Class treatment of Plaintiffs' NYLL and NYCRR claims is appropriate because the putative Class satisfies the requirements of Fed. R. Civ. P. 23.

29. The putative Class is so numerous that joinder of all its members would be impracticable. During the Class period, hundreds of people have worked as salaried employees being compensated at less than $1,125.00 per week in Defendant's New York, New York offices.

30. Plaintiffs' claims are typical of the claims of the putative Class Members, and they have no interests that are antagonistic to, or in conflict with, the interests of the putative Class because:

 a. Plaintiffs and the Class Members all worked as salaried employees being compensated at less than $1,125.00 per week in Defendant's New York, New York offices;

 b. Plaintiffs and the Class Members performed similar job duties for Defendant;

 c. Plaintiffs and the Class Members were subject to the same policies and procedures relating to their work, time, and compensation, which had the common effect of failing to pay Plaintiffs and the Class Members overtime wages; and

    d.  Plaintiffs and the Class Members were subject to the same policies and procedures related to the wage notices and wage statements they received, which had the common effect of failing to provide Plaintiffs and the Class Members with the information required under the NYLL regarding their regular and overtime rates of pay and hours worked at each rate.

  31.  There are many questions of law and fact common to the claims of the putative Class Members because this action concerns the legality of Company-wide compensation policies and practices that raise many common questions, including:

    a.  whether Defendant has failed to pay the Class Members overtime wages owed for all hours they worked over 40 per workweek;

    b.  whether Defendant has failed to provide the Class Members with wage notices containing their regular hourly rate of pay and their overtime rate of pay; and

    c.  whether Defendant has failed to provide the Class Members with wage statements regarding their regular hourly rate and overtime rate of pay, their number of regular hours worked, and overtime hours worked.

  42.  Plaintiffs will fairly and adequately protect the interests of the putative Class Members and have retained competent and experienced counsel for this purpose.

  43.  Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual Class Members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation for at least the following reasons:

    a.  absent a class action, Class Members will be essentially unable to redress the conduct pled here, Defendant's violations will continue without remedy and Defendant's employees will continue to be harmed;

    b.  a class action will permit an orderly and expeditious administration of Class claims, foster economies of time, effort and expense;

    c.  this lawsuit presents no particularly unusual or difficult issues that would impede its management as a class action; and

    d.  Defendant has acted on grounds generally applicable to Class members, making class-wide management appropriate.

44. Allowing Plaintiffs' claims to proceed as a class action will be superior to requiring the individual adjudication of each Class Member's claim, since requiring hundreds of employees to file and litigate individual wage claims would cause an undue burden on Defendant, the Class Members, and the Courts. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expenses if these claims were brought individually. Moreover, as the damages suffered by each Class Member are relatively small, the expenses and burdens associated with individual litigation would make it difficult for plaintiffs to bring individual claims. Further, the presentation of separate actions by individual Class Members could create a risk for inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Class Members to protect their interests.

## COUNT I

### Failure To Pay Wages Due In Violation Of NYLL
### (On Behalf of Plaintiffs and the Class members)

45. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

46. During the Class Period, Plaintiffs and the Class Members were "employees" within the meaning of NYLL §§ 2(7), 651(5), 190(2) and 12 N.Y.C.R.R. § 142-2.14.

47. During the Class Period, Defendant was Plaintiffs' and the Class Members' "employer" within the meaning of NYLL §§ 651(6) and 190(3).

48. During the Class Period, Plaintiffs and the Class Members have been entitled to the rights, protections and benefits provided under the NYLL §§ 650 *et seq*. and 190 *et seq*.

49.     Plaintiffs and the Class Members are not exempt from overtime compensation as established by the commissioner's wage orders or otherwise provided by New York State law or regulation.

50.     The NYLL provides that employees have the following entitlement to overtime premium wages:

> [a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 *et seq*. . . .

*See* 12 N.Y.C.R.R. § 142-2.2.

51.     During the Class Period, Defendant willfully violated the NYLL, Article 19, §§ 650, *et seq*. and 12 N.Y.C.R.R. § 142-2.2 by failing to pay Plaintiffs and the Class Members all overtime wages of not less than one-and-one-half times their regular hourly wage for each hour worked in excess of 40 hours per workweek.

52.     Defendant has no good faith justification or defense for failing to pay Plaintiffs and the Class Members the overtime wages mandated by 12 N.Y.C.R.R. § 142-2.2.

53.     NYLL § 663(1) provides that Plaintiffs and the Class Members are entitled to recover the full amount of their wage underpayments during the six years preceding the filing of this Complaint, plus periods of equitable tolling, an award of costs and reasonable attorneys' fees incurred in pursuing this claim, an award of prejudgment interest paid at the applicable legal rate, and a penalty in the amount of 100% of the total payment due for the relevant period as Defendant had no good faith basis to believe its wage payments to Plaintiffs and the Class Members complied with the NYLL.

## COUNT II

### Failure To Provide Required Wage Statements In Violation of NYLL
### (On Behalf of Plaintiffs and the Class Members)

54. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

55. NYLL § 195(3) requires employers to provide employees with a wage statement each pay period that includes their regular hourly rate(s) of pay, their overtime rate(s) of pay, their number of regular hours worked and their number of overtime hours worked.

56. During the Class Period, Defendant willfully violated NYLL § 195(3) by failing to supply Plaintiffs and the Class Members with a wage statement each pay period that includes their regular hourly rate(s) of pay, their overtime rate(s) of pay, their number of regular hours worked, and their number of overtime hours worked.

57. Defendant's failure to provide legally-required wage statements harmed Plaintiffs and Class Members by presenting incomplete or inaccurate information about the overtime pay to which they were entitled. This deprivation of accurate wage statements -- and the provision of inaccurate wage statements in their place -- facilitated Defendant's ongoing wage theft, as Defendant withheld means for Plaintiffs and Class Members to identify the withheld overtime wages that they were owed.

58. Under cover of these inaccurate wage statements, Defendant was able to withhold legally-owed overtime wages from Plaintiffs and Class Members for approximately nine months in 2019.

59. Defendant has no good faith justification or defense for failing to provide the notice mandated by NYLL §§ 195(3).

60. NYLL § 198(1-b) provides that Plaintiffs and the Class Members are entitled to recover $50.00 dollars each time Defendant failed to provide them with the required wage statement in the last six years, plus periods of equitable tolling, up to a total of $5,000.00 each plus an award of costs and reasonable attorneys' fees incurred in pursuing this claim.

WHEREFORE, Plaintiffs respectfully prays for an Order:

    a. Certifying this action as a class action;

    b. Approving Plaintiffs as adequate Class representatives;

    c. Appointing Finkelstein, Blankinship, Frei-Pearson & Garber, LLP as Class Counsel;

    d. Authorizing Class Counsel to issue a notice informing the Class Members this action has been filed, of the nature of the action, and of their right to opt out of this lawsuit;

    e. Finding that Defendant willfully violated the applicable state laws by failing to pay all required wages to Plaintiffs and the Class Members;

    f. Granting judgment in favor of Plaintiffs and the Class Members on all counts;

    g. Awarding all available compensatory damages in amounts to be determined;

    h. Awarding all available liquidated damages in amounts to be determined;

    i. Awarding pre-judgment interest on all compensatory damages due;

    j. Awarding a reasonable attorney's fee and reimbursement of all costs and expenses incurred in litigating this action;

    k. Awarding all available equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint;

    l. Awarding Plaintiffs and the Class such other and further relief as this Court deems just and proper; and

    m. Maintaining jurisdiction over this action to ensure Defendant's compliance with the foregoing.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demands a trial by jury.

Dated: November 29, 2022

Respectfully Submitted,

By: */s/ Jeremiah Frei-Pearson*
Jeremiah Frei-Pearson
Andrew C. White
**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, New York 10601
Telephone: (914) 298-3290
Jfrei-pearson@fbfglaw.com
awhite@fbfglaw.com

*Attorneys for Plaintiff and the Class*