**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/13/2023

Sep

**BY ECF**
Hon. Katharine H. Parker
United States Magistrate Judge
500 Pearl Street
New York, NY 10007

  Re: *Metcalf, et al. v. TransPerfect Translations Int'l, Inc.*,
     **No. 1:19-cv-10104-ER-KHP**

Dear Judge Parker,

  Pursuant to Your Honor's Individual Rules and Practices § 3(ii), the Local Rules of the Southern District of New York, and the Southern District's Electronic Case Filing Rules & Instructions, Plaintiffs Michele Metcalf and Hannah Lawson respectfully submit this request to file under seal an unredacted version of the attached Exhibit C to Plaintiffs' letter motion concerning a ripe discovery dispute dated September 12, 2023 ("Exhibit C"),[1] and to file a redacted version of this submission as the publicly available filing.

  In accordance with the above-referenced Rules, an unredacted version of the above referenced document along with a redacted version are being filed contemporaneously with this request, and copies of this letter and the unredacted and redacted versions of the above-referenced document shall be contemporaneously mailed to Your Honor.

  In this action, the parties are subject to a Stipulated Protective Order approved by this Court. ECF No. 88. Under the terms of this Order, a party may designate as "Confidential" or material or information that the party "contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others." *Id.* ¶¶ 1-2. Properly designated Confidential material may not be disclosed publicly under the terms of the Order (*id.* ¶ 5 (providing exhaustive lists of persons or entities to whom such information may be disclosed)) and must instead be filed under seal pursuant to the Court's Individual Practices. *Id.* ¶¶ 9-10.

  Defendant TransPerfect Translations International, Inc. ("TransPerfect") has designated the following materials, which are described with particularity in Exhibit C, as Confidential under the terms of the Stipulated Protective Order:

- Document produced under Bates Stamp TPT17996, containing TransPerfect's own calculations of the overtime pay due to its employees.

---

[1] The ECF "Viewing Level" for this document will be limited to "Selected Parties."

**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

One North Broadway, Suite 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

- Document produced under Bates Stamp TPT1182, containing information on TransPerfect's purported retroactive payment to an employee.

- Document produced under Bates Stamp TPT15243, containing an email exchange between TransPerfect employees.

Although there is a presumption of public access to judicial documents, Federal Rule of Civil Procedure 26(c) authorizes district courts, upon a showing of good cause, to "require that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." Fed. R. Civ. P. 26(c)(1)(H). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotations and alterations omitted). These "countervailing factors include but are not limited to . . . the privacy interests of those resisting disclosure." *Id.* (internal quotations omitted).

Here, Plaintiffs seek leave to file Exhibit C with all references to Confidential exhibits redacted and to submit these Confidential exhibits, as designated by Defendant, under seal in keeping with these confidentiality designations and representation that these documents contain trade secrets and/or commercially sensitive business information of Defendant.

This request is narrowly tailored in that it relates only to documents designated by Defendant as Confidential pursuant to the Stipulated Protective Order and will allow Plaintiffs' filings to be redacted only to the extent necessary to protect Defendant's claimed business interests. Plaintiffs take no position for the purpose of this filing as to whether these materials were properly designated by Defendant and reserve all rights to challenge any such designation consistent with the terms of the Stipulated Protective Order.

Based on the foregoing, Plaintiffs respectfully request that: (i) the Court approve this request to file documents under seal; (ii) the redacted version Exhibit C be accepted as the public version to be electronically filed; and (iii) that the Court grant Plaintiffs leave to file the un-redacted version of the same under seal.

**FBFG** | **Finkelstein, Blankinship, Frei-Pearson & Garber, LLP**

One North Broadway, Suite 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

Dated: September 12, 2023

Respectfully submitted,

*s/ Jeremiah Frei-Pearson*
Jeremiah Frei-Pearson
Andrew C. White
Erin Kelley
**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**
1 North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
jfrei-pearson@fbfglaw.com
awhite@fbfglaw.com
ekelley@fbfglaw.com

Because the documents in question are submitted in connection with a discovery dispute rather than a dispositive motion or trial, the weight accorded to the presumptive right to public access in the documents is "not particularly great." *Alexander Interactive, Inc. v. Adorama, Inc.*, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014). Still, the Court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and "is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120-24 (2d Cir. 2006). The fact that the information Plaintiffs seek to seal was designated by Defendant as "Confidential" pursuant to a confidentiality agreement is not sufficient to overcome even the low weight to be accorded the presumption of public access. *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015); *see also Rojas v. Triborough Bridge & Tunnel Auth.*, 2022 WL 773309, at *2 (S.D.N.Y. Mar. 14, 2022) ("[T]he showing required in connection with a sealing motion is significantly higher than the burden for obtaining a protective order in civil discovery.")

**That said, the Court finds that the information that Plaintiffs seek to seal is sensitive business information sufficient to overcome the low presumption of public access in these documents, and that Plaintiff's proposed redactions are narrowly tailored. Accordingly, the motion to seal is GRANTED.**

SO ORDERED:

*/s/ Katharine H. Parker/*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE   9/13/2023