UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MICHELE METCALF and HANNAH LAWSON, individually
and on behalf of all others similarly situated,

                                     Plaintiffs,

          -against-

TRANSPERFECT TRANSLATIONS INTERNATIONAL INC.,

                                 Defendants.
-----------------------------------------------------------------------X

**OPINION AND ORDER ON MOTION TO STRIKE PLAINTIFFS' EXPERT REPORT AND MOTIONS TO SEAL**

**19-CV-10104 (ER) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge:**

Defendant TransPerfect Translations International Inc. has moved to preclude the expert report and any testimony of Plaintiffs' expert, David Breshears, CPA/CFF. It makes this motion as part of its opposition to Plaintiffs' motion for class certification. (ECF No. 228.) The parties also filed motions to seal in connection with their briefing on the motion for class certification and the motion to preclude. (ECF Nos. 214, 239, 259). The motion to preclude and motions to seal are now before the Court.

    1. **Motion to Preclude Expert**

As discussed in more detail in this Court's Report and Recommendation on the motion for class certification, also issued today, Defendant's motion to preclude Plaintiff's expert is denied as moot. This Court did not rely on Breshears' report in making its Report and Recommendation to certify a class, albeit one more narrowly defined than Plaintiffs sought.

Breshears' report was merely a proffer of ways to estimate hours based on best available proxies for time worked in the absence of time records. He acknowledged that his assumptions and computations would change based on evidence developed in discovery. At

the conclusion of discovery, Plaintiffs contemplate proffering an expert report on the merits. Defendant will have an opportunity to evaluate that report and, if appropriate, make a motion to strike it. Defendant will also have an opportunity to proffer its own expert report if it wishes.

Accordingly, Defendant's motion is denied as moot.

### 2. Motions to Seal

The Motions to Seal at ECF Nos. 214 and 239 are filed by Plaintiffs in connection with their motion for class certification. The motions seek to file under seal unredacted versions of Plaintiffs' opening and reply briefs in support of the motion for class certification and certain exhibits filed in connection with the briefs. The Motion to Seal at ECF No. 259 is filed by Plaintiffs in connection with its submissions in opposition to Defendant's motion to preclude Plaintiff's expert, and seeks to file under seal the unredacted versions of its opposition brief and Exhibits A and C through H to the Frei-Pearson Declaration filed in connection with the brief.

The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The public's presumptive right of access to judicial documents is "potent and fundamental," *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citation omitted), and is "integral to our system of government," *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014). In considering a motion to seal, the court undertakes a three-part analysis. First, the court determines whether the document is a "judicial document," i.e. "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting

*Lugosch*, 435 F.3d at 119). When a document becomes a "judicial document," the presumption of public access attaches.

Second, the court determines the weight of the presumption of access that attaches. The weight given the presumption is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 49. "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted). Thus, a strong presumption attaches to materials filed in connection with dispositive motions, and the weight is lower if the document is submitted in connection with a simple discovery dispute. *Brown*, 929 F.3d at 49-50. The weight of the presumption is also moderate-to-low for underlying exhibits that are submitted in connection with a party's briefing where the exhibits are "largely collateral to the factual and legal issues central to the resolution of the[] motions." *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 705–06 (S.D.N.Y. 2017).

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption. *Lugosch*, 435 F.3d at 120. The court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and "is narrowly tailored to serve that interest." *Id.* The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88. "Higher values" the preservation of which might warrant sealing include personal privacy

interests, public safety, and the protection of competitively sensitive business information, but "bargained-for confidentiality" is not a higher value that can overcome the presumption of access to judicial documents. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018). A sealing request is "narrowly tailored" when it seeks to seal only that information that must be sealed to preserve higher values. *Id.* at *4.

Here, there is no dispute that all of the documents that Plaintiffs seek to file under seal are "judicial documents" to which the presumption of public access attaches. A strong weight is accorded to the presumption of public access in Plaintiffs' briefs filed in connection with the class certification motion and the motion to preclude. *See Mark v. Gawker Media LLC*, 2015 WL 7288641, at *2 (S.D.N.Y. Nov. 16, 2015) (finding the weight of the presumption of access to class certification briefing is "significant"); *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, 2022 WL 15033005, at *2 (S.D.N.Y. Oct. 25, 2022) (finding the weight of the presumption of access to submissions filed in connection with a *Daubert* motion "is strong"). As to the exhibits filed in connection with the motions, the weight is moderate, because while those exhibits were relevant to the Article III function, the majority of information contained in the exhibits was collateral to the Court's analysis of the issues. *Oliver Wyman, Inc.*, 282 F. Supp. 3d at 706; *cf. Tropical Sails Corp. v. Yext, Inc.*, 2016 WL 1451548, at *3 (S.D.N.Y. Apr. 12, 2016) ("[E]xhibits supporting a motion for, or opposition to, class certification would certainly be relevant to the judicial function and useful to the judicial process.").

Plaintiffs provide one reason for their sealing requests, namely that Defendants produced the underlying documents and information pursuant to a Protective Order and asserted the information is Confidential. Plaintiffs note that the Protective Order contemplates

4

Confidential treatment for information referencing trade secrets and/or commercially sensitive business information of Defendant, but Plaintiffs take no position as to whether Defendant properly designated the materials as Confidential.  Plaintiffs assert that their proposed redactions are narrowly tailored to cover Defendants' claimed business interests.  Defendants did not provide any submission explaining their confidentiality designations or providing proposed findings as to why this information should remain under seal.

The fact that Defendants designated these materials as Confidential pursuant to a Protective Order has no bearing on whether the sealing request should be granted.  *See Bernsten*, 307 F. Supp. 3d at 168; *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ireland) Ltd.*, 2021 WL 3540221, at *3 (S.D.N.Y. Aug. 11, 2021) ("Confidentiality agreements alone are not an adequate basis for sealing.").  Having closely reviewed the items that Plaintiffs seek to file under seal, it is apparent to the Court that the majority of information in question does not constitute a trade secret or competitively sensitive information.  Rather, the information primarily concerns Defendants' employee compensation practices and policies, and includes internal email communications regarding how Defendant would respond to the increase in the NYLL's salary exemption threshold; deposition testimony regarding payment practices and hour estimates for employees; door swipe records; and damages estimates for putative class members during the relevant period.

Neither party has presented argument as to whether this information is known by Defendant's employees or others; the value of this information to Defendant and its competitors; the amount of effort or money expended by Defendant in developing the information or keeping it confidential; or the ease or difficulty with which the information could

5

be properly acquired or duplicated by others.  *See In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 245 (S.D.N.Y. 2009) (listing these as "instructive" factors for determining whether information is competitively sensitive).  Absent any explanation from the parties as to why this information is sensitive, the Court cannot make specific, on the record findings for why this information is sufficiently sensitive to warrant sealing.

Additionally, courts in this Circuit frequently reject requests to seal this type of information.  *See, e.g. E.E.O.C. v. Kelley Drye & Warren LLP*, 2012 WL 691545, at *2–3 (S.D.N.Y. Mar. 2, 2012) (rejecting motion to seal exhibits that contained purportedly sensitive information about partner compensation policies and practices); *Olvera v. Mazzone Mgmt. Grp. Ltd.*, 2018 WL 2137882, at *1–3 (N.D.N.Y. May 9, 2018) (rejecting motion to seal information regarding employee compensation practices and policies and payroll status reports).   Even if some of these documents or information were arguably sensitive when they were generated, several years have now passed, and any confidential information is likely stale at this point.  *See Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *3 (S.D.N.Y. May 5, 2020) (denying motion to seal financial metrics that were over five years old).[1]

As such, the parties have not met their burden to demonstrate that sealing is necessary, and the Court denies without prejudice the motions to seal at ECF Nos. 214, 239, and 259. However, the Court is mindful that, in light of the large number of redactions proposed by the parties and the limited argument as to why sealing is necessary, the Court may have overlooked a limited sub-set of information where sealing is warranted.  Accordingly, to the extent either

---

[1] For this reason, information that the Court previously permitted to be filed under seal might no longer be sufficiently sensitive to warrant sealing in future submissions.

party believes that certain <u>limited</u> redactions are necessary to prevent the disclosure of genuinely confidential, non-public, sensitive information, either of Defendant or any non-parties, they are permitted to file a renewed motion to seal by **Friday, November 17, 2023** that: (1) states the document and page number of the relevant information sought to be redacted, and (2) clearly explains why the information is proprietary and should remain under seal. The submission should be "specific" and "granular," and should cite to case law within this Circuit supporting the request. *See Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2023 WL 5054602, at *4 (S.D.N.Y. Aug. 8, 2023) (citing *Fossil Grp., Inc. v. Angel Seller LLC*, 2022 WL 3347219, at *3 (E.D.N.Y. Aug. 12, 2022)). Although Plaintiffs filed the initial motions to seal, the Court notes that the purported privacy interests in question are Defendant's, and therefore Defendant is likely the party better suited to filing the renewed motion to seal, and it is authorized to do so.[2]

If no renewed motion to seal is filed by the deadline, the Court will order the un-sealing of the documents filed under seal. Until such time, the documents may remain under seal.

## CONCLUSION

For the reasons stated above, Defendant's motion to preclude the expert report and any testimony of Plaintiffs' expert, David Breshears, at ECF No. 228, is denied as moot, and Plaintiffs' motions to seal at ECF Nos. 214, 239, and 259 are denied without prejudice.

**The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 214, 228, 239, and 259. The documents filed under seal may remain under seal at this time.**

---

[2] In the future, to prevent unnecessary motions to seal, counsel for the parties shall discuss, in good faith, the need to file Confidential materials under seal. If the parties agree in writing that a particular document that has been designated Confidential shall not be filed under seal, that document can be filed without redaction and such filing will not be a breach of any stipulation of Confidentiality. Additionally, the parties are discouraged from filing Confidential exhibits with the Court where those exhibits are merely collateral to the issues raised in the Motion and where the parties' arguments can be made without inclusion of the exhibits.

**Absent a renewed motion to seal by Friday, November 17, 2023, the Court will issue a new order directing that the sealed documents be unsealed.**

SO ORDERED.

Dated: November 6, 2023
      New York, New York

*Katharine H Parker*
KATHARINE H. PARKER, U.S.M.J.