UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MICHELE METCALF and HANNAH
LAWSON, individually and on behalf of all
others similarly situated,

                                Plaintiffs,

           -against-

TRANSPERFECT TRANSLATIONS
INTERNATIONAL INC.,

                                Defendant.
-----------------------------------------------------------------X

**POST-CONFERENCE ORDER AND RULING ON DISCOVERY MOTIONS**

**19-CV-10104 (ER) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

As discussed at the November 14, 2024 Case Management Conference, the deadline for fact discovery is extended to **January 31, 2025**.

The parties are directed to meet and confer regarding identifying a fact witness who can testify as to the duties of class members across various departments at TransPerfect.

As to Plaintiff's letter regarding search terms for Phil Shawe's emails, to the extent Defendant has not already produced the relevant emails of each manager or department head, Defendant shall run the search terms discussed at the conference in Shawe's emails between himself and those particular managers or department heads. Plaintiff's request that the Court order Defendant to search Shawe's emails using Plaintiff's 167 proposed search terms is denied as not proportional to the needs of the case.

Defendant's request for a protective order precluding the deposition of TransPerfect's Chief Information Officer ("CIO"), Yu-Kai Ng, is granted because that deposition is not proportional to the needs of this case. Plaintiff seeks to depose the CIO concerning Defendant's

alleged failure to preserve relevant evidence regarding Project A, but this constitutes discovery on discovery and Project A data is both incomplete and not a useful indicator of hours worked, particularly as compared to other data that demonstrates hours worked, which Plaintiff has received. The Court will not entertain a spoliation motion with regard to Project A.

As to amendment of the protective order, the Court will amend the protective order as discussed at the conference, and therefore Plaintiff's request is granted as modified by the Court and explained at the conference.  The Court will issue a separate Order amending the protective order with the specific amendment language.  To the extent the parties are unable to reach agreement on referencing particular documents marked confidential in Plaintiff's anticipated arbitration demands, Plaintiff may file a letter with the Court (and file the documents designated confidential under seal) by **Friday, November 22, 2024** and the Court will make a ruling regarding the confidentiality of those documents.

Oral argument on the motion for partial summary judgment and cross-motion is hereby scheduled for **January 15, 2025 at 11:00 a.m.** in Courtroom 17-D, United States Courthouse, 500 Pearl Street, New York, New York.

As to Plaintiff's motions to seal at ECF Nos. 338 and 346, those motions are denied because they do not meet the standard for sealing under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  **Accordingly, the Clerk of Court is respectfully directed to unseal the documents at ECF Nos. 339 and 347.**

**The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 338, 339, 340, 341, 343 and 346**.

**SO ORDERED.**

Dated: November 15, 2024
       New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge