USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/25/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHELE METCALF and HANNAH
LAWSON, individually and on behalf of all
others similarly situated,

                      Plaintiffs,                    **ORDER**

      -against-                      **19-CV-10104 (ER) (KHP)**

TRANSPERFECT TRANSLATIONS
INTERNATIONAL INC.,

                      Defendant.
------------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

The Court is in receipt of Plaintiffs' letter motion seeking leave to withdraw and amend Plaintiffs' Response No. 4 to Defendant's Requests for Admission, as well as Defendant's response thereto. (ECF Nos. 429, 432.) For the reasons set forth below, Plaintiffs' request is denied.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure ("Rule") 36(b), a matter admitted is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). A court may permit withdrawal or amendment of an admission if "it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.* The first prong, promotion of the merits, is satisfied where the withdrawal of or amendment to the admission will "assist in the presentation of evidence on any claim or defense" in the action. *Boyd v. Does It Even Matter, LLC*, 2021 WL 7209779, at *4 (E.D.N.Y. Apr. 8, 2021). Even if a party satisfies the two criteria under Rule 36, "the decision

whether to permit withdrawal remains within the sound discretion of the court." *Ng v. HSBC Mortg. Corp.*, No. 07-CV-5434 RRM VVP, 2011 WL 3511296, at *4 (E.D.N.Y. Aug. 10, 2011), *modified on other ground*, No. 07-CV-5434 RRM VVP, 2014 WL 4699648 (E.D.N.Y. Sept. 22, 2014).

Plaintiffs argue that they should be permitted to withdraw and amend Response No. 4 because "Defendant's [sic] wish to contort Plaintiffs words against them and the Class[.]" Defendant contends that permitting amendment would not promote the merits of the action and would prejudice Defendant. While Plaintiffs assert that both prongs under Rule 36(b) are met, Plaintiffs themselves concede that their admission in Response No. 4 is "factually true" and that they "do not believe this admission bears much weight on the merits of this matter[.]" Such concessions demonstrate that the requirements of Rule 36(b) have not been satisfied here. *See Rosa v. TCC Commc'ns, Inc.*, No. 15CV1665, 2016 WL 67729, at *9 (S.D.N.Y. Jan. 5, 2016) (denying motion to withdraw admission in part because withdrawal would not promote the merits of the action); *JTRE Manhattan Ave. LLC v. Cap. One*, N.A., No. 21-CV-5714 (VEC), 2022 WL 2901402, at *6-7 (S.D.N.Y. July 22, 2022) (denying motion to withdraw admission because presentation of the merits will not be harmed by previous admission and admission was not counterfactual). The Court also notes that both sides can make arguments regarding the fluctuating workweek doctrine and its application to this case. Plaintiffs' Response No. 4 does not prevent Plaintiffs from arguing against Defendant's position on the fluctuating workweek, and Plaintiffs do not claim otherwise.

Further, the cases cited by Plaintiffs are distinguishable. *See Cintron v. Albert Einstein Coll. of Med.*, No. 121CV06256JGKKHP, 2022 WL 3137079, at *1-2 (S.D.N.Y. Aug. 5, 2022)

(granting motion to amend admission because the admission bore upon a disputed factual issue in the case and discovery had not yet ended and therefore risk of prejudice was minimal); *Chartwell Therapeautics Licensing LLC v. Citron Pharma LLC*, No. 16CV3181MKBCLP, 2018 WL 3442542, at *4-5 (E.D.N.Y. July 17, 2018) (granting motion to amend admission because the admission did not accurately reflect the facts and concerned a contentious question in the case, and because the parties were early in the discovery process); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. PVT Ltd.*, 338 F.R.D. 579 (S.D.N.Y. 2021) (granting motion to amend admission because without amendment, a sworn interrogatory response would be at odds with an admission, and discovery had not yet closed).  In contrast to these cases, fact discovery in this case closed almost two months ago and reopening discovery would result in unnecessary burden and expense.

## CONCLUSION

Accordingly, Plaintiffs' letter motion seeking leave to withdraw and amend Response No. 4 is DENIED.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 429.

SO ORDERED.

Dated: March 25, 2025
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge