**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MICHELE METCALF and HANNAH LAWSON, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>     - v -<br><br>TRANSPERFECT TRANSLATIONS INTERNATIONAL, INC.,<br><br>             Defendant. | Case No.  1:19-cv-10104 (ER) (KHP) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT**
**TRANSPERFECT TRANSLATIONS INTERNATIONAL INC.'S**
**MOTION TO DECERTIFY CLASS**

**DLA PIPER LLP (US)**
Daniel Turinsky, Esq.
(daniel.turinsky@dlapiper.com)
Garrett David Kennedy, Esq.
(garrett.kennedy@dlapiper.com)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020
Tel.: (212) 335-4500
Fax: (212) 335-4501

*Attorneys for Defendant*
*TransPerfect Translations International Inc.*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...........................................................................................................................3

    I.      LEGAL STANDARD.............................................................................................. 3

    II.     THE FLSA EXEMPTION STATUS OF CLASS MEMBERS DIRECTLY
             IMPLICATES LIABILITY FOR UNPAID OVERTIME UNDER THE NYLL .. 3

            A.      There Is No Liability for Unpaid Overtime Under the NYLL If an FLSA
                    Exempt Employee Was Paid More Than One and One-Half Times the
                    Minimum Wage for All Hours Worked Over 40........................................3

            B.      The Exemption Status of Class Members Requires an Individualized
                    Analysis...................................................................................................7

            C.      Defendant Did Not Waive Any Arguments.................................................9

    III.    INDIVIDUALIZED ANALYSES OF CLASS MEMBERS' JOB
             RESPONSIBILITIES WILL BE REQUIRED TO ASCERTAIN LIABILITY
             REGARDLESS OF PLAINTIFFS' EXPERT REPORT...................................... 10

CONCLUSION.......................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*B&R Supermarket, Inc. v. Visa Inc.*,
  2024 U.S. Dist. LEXIS 144998 (E.D.N.Y. Aug. 14, 2024)......................................................3

*Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*,
  757 F.2d 523 (2d Cir. 1985)......................................................................................................6

*Benitez v. Valentino U.S.A., Inc.*,
  2025 U.S. Dist. LEXIS 30503 (S.D.N.Y. Feb. 20, 2025)......................................................7, 8

*Charlot v. Ecolab, Inc.*,
  2017 U.S. Dist. LEXIS 229373 (E.D.N.Y. May 29, 2017) ......................................................4

*Doo Nam Yang v. ACBL Corp.*,
  427 F. Supp. 2d 327 (S.D.N.Y. 2005).....................................................................................5, 6

*Entergy Nuclear Operations, Inc. v. N.Y. State Dep't of State*,
  28 N.Y.3d 279 (2016) .................................................................................................................5

*Hardgers-Powell v. Angels in Your Home LLC*,
  330 F.R.D. 89 (W.D.N.Y. 2019).................................................................................................8

*Jin v. Shanghai Original, Inc.*,
  990 F.3d 251 (2d Cir. 2021)........................................................................................................3

*Kloppel v. HomeDeliveryLink, Inc.*,
  2022 U.S. Dist. LEXIS 74867 (W.D.N.Y. Apr. 25, 2022) ......................................................10

*Lacour v. Colgate-Palmolive Co.*,
  2024 U.S. Dist. LEXIS 1227 (S.D.N.Y. Jan. 3, 2024)................................................................9

*Mendez v. Radec Corp.*,
  260 F.R.D. 38 (W.D.N.Y. 2009)...............................................................................................10

*Moon v. Kwon*,
  248 F. Supp. 2d 201 (S.D.N.Y. 2002)......................................................................................5, 6

*Pastor v. Alice Cleaners, Inc.*,
  2017 U.S. Dist. LEXIS 192806 (S.D.N.Y. Nov. 21, 2017)....................................................4, 5

*Perez v. Platinum Plaza 400 Cleaners, Inc.*,
  2015 U.S. Dist. LEXIS 54066 (S.D.N.Y. Apr. 24, 2015).......................................................6, 7

*Pinovi v. FDD Enters.*,
　2015 U.S. Dist. LEXIS 89154 (S.D.N.Y. July 8, 2015) ...........................................................6

*Quiroz v. Luigi's Dolceria, Inc.*,
　2016 U.S. Dist. LEXIS 64662 (E.D.N.Y. May 17, 2016) ........................................................5

*Scott v. Chipotle Mexican Grill, Inc.*,
　954 F.3d 502 (2d Cir. 2020) ....................................................................................................8

*Severin v. Project OHR, Inc.*,
　2012 U.S. Dist. LEXIS 85705 (S.D.N.Y. June 20, 2012) ........................................................8

*Shillingford v. Astra Home Care, Inc.*,
　293 F. Supp. 3d 401 (S.D.N.Y. 2018) ....................................................................................5

*Soto v. Crismeli Deli Grocery Inc.*,
　2024 U.S. Dist. LEXIS 114785 (S.D.N.Y. June 28, 2024) ......................................................7

*Wu v. Pearson Educ. Inc.*,
　2012 U.S. Dist. LEXIS 182300 (S.D.N.Y. Dec. 20, 2012) ...................................................10

**Statutes**

Fair Labor Standards Act .................................................................................................... *passim*

New York Labor Law ........................................................................................................... *passim*

**Other Authorities**

12 N.Y.C.R.R. § 142-2.2 ............................................................................................................4

12 N.Y.C.R.R. § 142-2.16 ..........................................................................................................4

Defendant TransPerfect Translations International Inc. ("TransPerfect" or "Defendant") respectfully submits this reply memorandum of law in further support of its motion to decertify the class (the "Motion").

## PRELIMINARY STATEMENT

In opposition to the Motion, Plaintiffs Michele Metcalf ("Metcalf") and Hannah Lawson ("Lawson") (together, "Plaintiffs") do not contest, and indeed concede, that the certified class consists of individuals who held approximately 50 different jobs in many different departments, under different managers, with different duties, responsibilities and schedules. There is no dispute that the duties and responsibilities of individual class members cannot be determined through common, classwide proof – a fact made clear through the extensive individualized discovery taken by Plaintiffs regarding worker-by-worker duties and schedules. As such, the court must conduct an individualized analysis regarding the job duties of each class member to determine liability for unpaid overtime under the New York Labor Law ("NYLL"), which is completely inconsistent with proceeding as a class action.

An individualized analysis of each class member's job duties is necessary because the NYLL provides that employees who are properly classified as exempt under the Fair Labor Standards Act ("FLSA") but not the NYLL, due to being paid below the NYLL's higher salary threshold for exemption, need only be paid 1.5 times the NYLL's applicable minimum wage rate, *e.g.*, 1.5 times the $15 per hour minimum wage in 2019, or $22.50 per overtime hour worked. The New York Department of Labor ("NY DOL") and several courts within this district have expressly recognized that to determine if an FLSA exempt worker was paid overtime in accordance with the NYLL, the employee's compensation for the week in question must be divided by hours worked; if the resulting average hourly rate exceeds 1.5 times the minimum wage rate, then the employee was paid properly under the NYLL and there is no liability. The individualized analysis that must

1

be conducted regarding the exemption status of each class member warrants decertification given the failure to satisfy the predominance requirement.

In their opposition, Plaintiffs fail to provide any authority that undermines Defendant's position. Among other things:

- Plaintiffs argue that their expert witness can calculate hours worked by class members. Even if true (which Defendant disputes), it is irrelevant as such calculations have no bearing on the duties and responsibilities of class members, which must be determined on an individualized basis.

- Plaintiffs argue that TransPerfect failed to maintain records regarding class members' work hours. This is also irrelevant, as it has nothing to do with the individualized analysis that must be conducted regarding the job duties of all class members.

- Plaintiffs disparage TransPerfect and its counsel, claiming that they engaged in "obstructive conduct during class discovery," but provide no factual support for that baseless contention. If Plaintiffs believed that Defendant had engaged in any misconduct during discovery they could have sought appropriate relief from the Court. That they did not do so is telling.

- Plaintiffs argue that Defendant seeks to rely on Plaintiffs' counsel's deposition questions to decertify the class. That is not true. What Defendant relies upon is the information solicited by those questions, which confirmed the significant variations in schedules and responsibilities across the class, and the highly individualized evidence required to resolve classification issues.

- Plaintiffs argue that exemption status under the FLSA is solely a damages issue because the Court should treat every hour worked by class members in excess of 40 per week as entirely uncompensated, such that employees who were properly classified as exempt under the FLSA should still receive $22.50 for every hour worked over 40. That position is wrong as the NY DOL has clearly explained that this is not how damages are calculated under the NYLL. *See* ECF Nos. 436-3, 436-4.

- Plaintiffs claim that employee salaries only covered the first 40 hours of work based on a single email exchange with Lawson concerning a pay deduction ***while she was still an hourly employee*** and a random, cherry-picked wage statement for one class member. Even if a rebuttable presumption could be supported based on such paltry evidence, the presumption has been rebutted because, among other reasons, Plaintiffs expressly acknowledged that their salary was intended to fully cover their weekly base rate, as both admitted that they were "***paid a fixed weekly salary for all hours worked per week, regardless of the number of hours worked***." (*See* Reply Declaration of Daniel Turinsky ("Turinsky Reply Decl."), Exs. 1 and 2 at No. 4) (emphasis added).

2

In sum, Plaintiffs have failed to satisfy the predominance requirement for class certification. Accordingly, the Court should decertify the class.

## ARGUMENT

### I.    LEGAL STANDARD

Plaintiffs claim that decertification requires "some significant intervening event or a showing of compelling reasons to reexamine the question" and that the movant bears a "heavy burden" to prove the necessity of decertifying the class. ECF No. 439, pp.8-9. That is not an accurate recitation of the law. In fact:

> [T]he Second Circuit has never endorsed such a high bar for reconsidering certification of a class, nor has it endorsed a 'heavy burden' on the part of the moving party. Rather, more recent case law from the Second Circuit examining the standard for decertification has held that the only necessary consideration is whether 'a previously satisfied requirement of Rule 23 is now lacking.'

*B&R Supermarket, Inc. v. Visa Inc.*, 2024 U.S. Dist. LEXIS 144998, at *49 n.18 (E.D.N.Y. Aug. 14, 2024); *see also Jin v. Shanghai Original, Inc.*, 990 F.3d 251, 262 (2d Cir. 2021) ("Although some district courts in this Circuit have expressed that a significant intervening event is required to decertify a class, . . . we have never held that a significant intervening event is necessary and such a requirement does not exist in the text of Rule 23.").

Discovery has shown that the predominance requirement is now lacking. Accordingly, the class should be decertified.

### II.    THE FLSA EXEMPTION STATUS OF CLASS MEMBERS DIRECTLY IMPLICATES LIABILITY FOR UNPAID OVERTIME UNDER THE NYLL

#### A.    There Is No Liability for Unpaid Overtime Under the NYLL If an FLSA Exempt Employee Was Paid More Than One and One-Half Times the Minimum Wage for All Hours Worked Over 40

There is no liability for unpaid overtime under the NYLL if an FLSA exempt employee was paid more than 1.5 times the minimum wage for all hours worked over 40 in a week.

Accordingly, the Court must conduct an individualized analysis to determine if each class member performed duties that satisfied the relevant FLSA exemption to determine liability, not damages.

Plaintiffs argue that there is a rebuttable presumption that a weekly salary covers only the first 40 hours worked, such that every hour worked by class members in excess of 40 per week was entirely uncompensated. That position is wrong. Where employees are paid on a salary basis, the regular hourly rate is calculated "by dividing the gross wages a plaintiff received from Defendants for a week by the hours worked by Plaintiff." *Pastor v. Alice Cleaners, Inc.*, 2017 U.S. Dist. LEXIS 192806, at *6 (S.D.N.Y. Nov. 21, 2017); *see also* 12 N.Y.C.R.R. § 142-2.16. For an FLSA exempt employee, there is no liability under the NYLL for unpaid overtime if the employee's regular hourly rate for the week exceeds 1.5x the minimum wage because, under such circumstances, the employee was fully compensated for all wages due. *See Charlot v. Ecolab, Inc.*, 2017 U.S. Dist. LEXIS 229373, at *31-32 (E.D.N.Y. May 29, 2017) (holding that FLSA exempt employees who earned more than one and one-half times the state minimum wage "are exempt from receiving overtime pay under New York law").

The NY DOL has clearly explained that the NYLL overtime requirements are satisfied if an employer pays an FLSA exempt employee more than 1.5 times the applicable minimum wage for all hours worked over 40 without regard to any rebuttable presumption. *See* NY DOL Op. RO-08-0031 (ECF No. 436-3) ("It has been this Department's consistent interpretation that if an FLSA exempt employee is paid wages equal to or greater than one and one-half times the applicable minimum wage for all hours worked over forty in a week, then the requirements of 12 N.Y.C.R.R. § 142-2.2 have been satisfied."); NY DOL Op. RO-04-0066 (ECF No. 436-4) (explaining that "the employer would not be required to pay overtime" to FLSA exempt truck drivers who worked approximately 50 hours per week if their salary was above one and one half times the basic

minimum wage). These NY DOL opinion letters should be given significant deference. *See Entergy Nuclear Operations, Inc. v. N.Y. State Dep't of State*, 28 N.Y.3d 279, 289 (2016) (holding that the "construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld" and that courts should tread "gently in second-guessing the experience and expertise of state agencies charged with administering statutes and regulations"); *see also Shillingford v. Astra Home Care, Inc.*, 293 F. Supp. 3d 401, 416 (S.D.N.Y. 2018) (explaining that the NY Court of Appeals has "spoken decisively on the subject of deference to agency interpretations of the statutes they enforce").

Moreover, courts routinely reject the presumption that a weekly salary covers only 40 hours where evidence reflects that the plaintiffs understood their weekly salary covered all hours worked per week. *See, e.g.*, *Pastor*, 2017 U.S. Dist. LEXIS 192806, at *9 (rejecting presumption that weekly salary only covered 40 hours because plaintiff testified that he "accepted a job that required between 53.5 to 56.5 hours of work per week for a weekly salary of $550"); *Quiroz v. Luigi's Dolceria, Inc.*, 2016 U.S. Dist. LEXIS 64662, at *9 (E.D.N.Y. May 17, 2016) (presumption that weekly salary only covered 40 hours rebutted where plaintiff testified that his schedule was 8:00a.m. to 5:00p.m., six days per week); *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005) (rejecting presumption that weekly salary only covered 40 hours because plaintiff conceded that his salary covered 50 hours of work per week); *Moon v. Kwon*, 248 F. Supp. 2d 201, 207-08 (S.D.N.Y. 2002) (employer rebutted presumption that weekly salary only covered 40 hours based on plaintiff's testimony that he was expected to work at least 60 hours per week and "that throughout this period, Moon was in fact paid a weekly salary and consistently worked more than his 'scheduled 60 hours' per week").[1]

---

[1] Plaintiffs claim that a January 2019 email to Lawson and random, cherry-picked pay statements purportedly establish that deductions were made from employee's salaries. The email to Lawson, however, was sent before her promotion

Here, there is ample evidence that Plaintiffs and the class members understood their weekly salaries to cover all hours worked.  In fact, Plaintiffs both expressly admitted that they were "***paid a fixed weekly salary for all hours worked per week, regardless of the number of hours worked***." (*See* Turinsky Reply Decl., Exs. 1 and 2 at No. 4) (emphasis added); *Doo Nam Yang*, 427 F. Supp. 2d at 335 (admission that salary covered 50 hours of work each week partially rebutted presumption of 40-hour workweek).  Additionally, 21 class members (approximately 1/5 of the class) signed letters confirming that they had received a "fixed weekly salary as compensation for all hours worked each workweek."  (*See* Turinsky Reply Decl., Ex. 4).[2]  This evidence is sufficient to overcome any rebuttable presumption or, at minimum, would require the Court to conduct an individualized analysis for each class member to ascertain whether the presumption has been rebutted, which further underscores the fact that the predominance requirement has not been satisfied.  *See Moon*, 248 F. Supp. 2d at 206 ("In the absence of any written instrument memorializing the parties' intentions, the Court must infer the terms of their agreement from the entire course of their conduct, based on the testimonial and documentary evidence in the record").

Furthermore, the cases cited by Plaintiffs are readily distinguishable.  In *Pinovi v. FDD Enters.*, 2015 U.S. Dist. LEXIS 89154 (S.D.N.Y. July 8, 2015), the employer offered no evidence of any agreement or understanding that the weekly salary was intended to cover overtime hours and testified that the plaintiff's weekly salary was only intended to cover forty hours.  *Id.* at *12. Similarly, in *Perez v. Platinum Plaza 400 Cleaners, Inc.*, 2015 U.S. Dist. LEXIS 54066 (S.D.N.Y.

---

to an exempt salary position (from an hourly non-exempt position) was finalized, which occurred on January 10, 2019, with "any difference back-paid from December 29th," the first payroll affected by her promotion.  (Turinsky Reply Decl., Ex. 3).  And the pay statements, presented without background or context and involving one or two instances of lawful, full-day deductions, are not reflective of a company-wide policy.  This also highlights that individualized inquiries predominate: the evidence proffered is highly individualized and says nothing regarding the understanding of the entire class as to whether their salaries covered all hours or just the first 40.

[2] Plaintiffs also contend in their Third Amended Complaint that class members worked more than 40 hours per week but received a fixed weekly salary each week for all hours worked.  (ECF No. 211 ¶¶ 5, 7, 14, 15, 16).  This constitutes a judicial admission.  *See Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d Cir. 1985).

Apr. 24, 2015), the record was "completely devoid of any evidence of an agreement or understanding between Plaintiffs and Defendants regarding what the weekly salary was intended to cover." *Id.* at *6-7. And, in *Soto v. Crismeli Deli Grocery Inc.*, 2024 U.S. Dist. LEXIS 114785 (S.D.N.Y. June 28, 2024), there was "no evidence to rebut the presumption that plaintiff's $450 weekly salary covered the first 40 hours he worked each week." *Id.* at *16-17. None of these cases are comparable to the present situation.

    **B.**    **The Exemption Status of Class Members Requires an Individualized Analysis**

In the Motion, Defendant cited several cases for the proposition that the threshold liability issue of whether an employee was properly classified as exempt under the FLSA will require an individualized analysis of each class member's duties and that such an analysis is not subject to generalized classwide proof. Plaintiffs attempt to distinguish those cases by claiming that they are "inapposite, as the plaintiffs in those cases raised FLSA and NYLL claims before the NYLL amended its regulations to establish a salary threshold for overtime eligibility." (ECF No. 439, p. 15.) That position is meritless.

Judge Clarke's decision in *Benitez v. Valentino U.S.A., Inc.*, 2025 U.S. Dist. LEXIS 30503 (S.D.N.Y. Feb. 20, 2025), is instructive. In that case, the plaintiffs filed a putative class and collective action seeking unpaid wages and overtime for alleged violations of the FLSA and NYLL and sought certification of two classes under the NYLL. *Id.* at *6-7. The court denied the motion to certify, finding that plaintiffs could not demonstrate that commonality or typicality existed, or that common questions predominated. As the court explained:

> To prove their NYLL claim with respect to the [full-time employee] class, they need to demonstrate that each member of the class is eligible to receive overtime under the law and that Valentino failed to pay the [full-time employee] Class overtime. Unlike cases where all employees share the same job duties and pay rate, Plaintiffs' proposed class is not so limited, as the named Plaintiffs demonstrate. Indeed, Plaintiffs . . . each performed distinct roles in different

> departments . . . . Because of that, the Court would, for any class, have to engage in individualized assessments as to who was overtime eligible. . . .

*Id.* at *14. Additionally, the court found that,

> [w]hile individualized class member's ***damages*** may not defeat commonality . . . plaintiffs seeking class certification in an action based on allegations of unpaid overtime wages must examine the putative class members' ***actual duties*** to demonstrate that these duties were ***largely consistent across the class*** and that individual differences in job tasks would not be of the magnitude to cause individual issues to predominate.

*Id.* at *15 (quotations omitted). Because the plaintiffs failed to provide such evidence, the court denied certification. *Id.* at *16.

Numerous additional cases support Defendant's position. *See, e.g.*, *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 511 (2d Cir. 2020) (affirming denial of class certification where predominance requirement was not met due to the exemption analysis that needed to be conducted "by examining the employees' actual job characteristics and duties"); *Hardgers-Powell v. Angels in Your Home LLC*, 330 F.R.D. 89, 100 (W.D.N.Y. 2019) ("[W]here the employer's liability hinges on issues that demand substantial individualized analysis of each employee's duties, hours, or compensation, predominance is not satisfied."); *Severin v. Project OHR, Inc.*, 2012 U.S. Dist. LEXIS 85705, at *20 (S.D.N.Y. June 20, 2012) (denying certification for failure to satisfy predominance requirement because "[i]n the context of this putative class action, the proper rate of overtime for each [employee] under the NYLL would need to be calculated with reference to the FLSA . . . exemption," such that the "predominance of these individualized, fact-specific questions renders the plaintiffs' overtime claims ill-suited for classwide resolution").

Plaintiffs' opposition fails to provide any authority that undermines Defendant's legal argument in favor of decertification. Plaintiffs also do not dispute that the class consists of a diverse group of individuals in different departments with different duties and responsibilities, and

they fail to address the myriad pages of deposition testimony that provide irrefutable evidence of the broad variations in class members' duties and responsibilities. Instead, they falsely suggest that Defendant is attempting to use Plaintiffs' counsel's deposition questions as evidence to support decertification. Although those questions illustrate the need for individualized evidence and analyses to support class certification, it is the information solicited by Plaintiffs' counsel from the TransPerfect witnesses[3] upon which Defendant relies – information that makes abundantly clear that an individualized analysis of class members' duties will be necessary to determine the application of FLSA exemptions for purposes of liability.[4]

### C.    Defendant Did Not Waive Any Arguments

Plaintiffs contend that Defendant waived the argument that the FLSA exemption status of class members is a liability issue not subject to general proof because it did not expressly raise this argument in opposition to Plaintiffs' class certification motion. This is untrue. In opposition to class certification, Defendant expressly argued that "the propriety of each putative class member's FLSA exemption is in dispute and, thus, individualized analysis of this issue for each putative class member is required." ECF No. 223 at p. 19.

Additionally, regardless of the arguments previously raised, extensive discovery following the class certification decision, including multiple depositions of TransPerfect executives and substantial document production, has provided additional new evidence which supports decertification. *See Lacour v. Colgate-Palmolive Co.*, 2024 U.S. Dist. LEXIS 1227, at *18 (S.D.N.Y. Jan. 3, 2024) (granting motion to decertify where "discovery has shown" that

---

[3] Plaintiffs accuse Defendant of obstruction with respect to class discovery and assert that 30(b)(6) witnesses were "unprepared." The only support for this baseless accusation is an untrue, meaningless statement from Plaintiffs' counsel regarding his supposed observations of witness testimony and references to deposition transcripts which do not support the accusation. The deposition testimony speaks for itself, and if Plaintiffs had concerns with Defendant's conduct, they could have sought relief from the court. It is telling that they did not do so.

[4] While deposition questions are not evidence, Plaintiffs' counsel should be hoisted by their own petard for eliciting testimony reflecting the necessity of an individualized analysis.

predominance was not satisfied); *Kloppel v. HomeDeliveryLink, Inc.*, 2022 U.S. Dist. LEXIS 74867, at *22 (W.D.N.Y. Apr. 25, 2022) (holding that facts "elicited during class discovery, are a compelling reason to decertify the class"); *Wu v. Pearson Educ. Inc.*, 2012 U.S. Dist. LEXIS 182300, at *12-*13 (S.D.N.Y. Dec. 20, 2012) (holding that "a district court may generally revisit its prior rulings to account for new evidence" and granting motion to decertify where plaintiff failed to establish commonality or predominance requirements).  Moreover, the case cited by Plaintiffs, *Mendez v. Radec Corp.*, 260 F.R.D. 38 (W.D.N.Y. 2009), is inapposite, as the court there found waiver based on the defendant's failure to object to the court's procedure in ruling on plaintiff's summary judgment and class certification motions simultaneously.

### III.   INDIVIDUALIZED ANALYSES OF CLASS MEMBERS' JOB RESPONSIBILITIES WILL BE REQUIRED TO ASCERTAIN LIABILITY REGARDLESS OF PLAINTIFFS' EXPERT REPORT

Plaintiffs contend that Defendant's arguments with respect to variations in schedules and duties are "premature and theoretical" and should be addressed in response to expert discovery. However, while Plaintiffs' expert purports to determine working hours on a classwide basis (the validity and admissibility of which Defendant disputes), Plaintiffs' expert does not and cannot provide generalized classwide proof of class members' job responsibilities for purposes of the FLSA exemption analysis.  Thus, regardless of employee schedules, individualized analyses will still be required to ascertain whether class members occupying each distinct role were properly classified as exempt under the FLSA based on the duties they performed.

### CONCLUSION

Defendant respectfully requests that the Court grant its motion to decertify the class.[5]

---

[5] The parties agree that subclasses are not warranted, although for different reasons.

Dated: New York, New York
April 25, 2025

**DLA PIPER LLP (US)**

By: /s/ Daniel Turinsky
Daniel Turinsky, Esq.
Garrett David Kennedy, Esq.
1251 Avenue of the Americas
New York, New York 10020
Tel.:    (212) 335-4500
Fax:    (212) 335-4501
daniel.turinsky@dlapiper.com
garrett.kennedy@dlapiper.com

*Attorneys for Defendant*
*TransPerfect Translations International Inc.*

**<u>CERTIFICATE OF COMPLIANCE WITH S.D.N.Y. LOCAL CIVIL RULE 7.1(c)</u>**

      The undersigned certifies that this memorandum of law complies with the word count requirements of Local Civil Rule 7.1(c), because it contains 3,498 words (not including the cover page, table of contents, table of authorities, and signature block) based upon the word processing system used to prepare the brief.

Dated: April 25, 2025

*/s/ Daniel Turinsky*        
DANIEL TURINSKY
