

DLA Piper LLP (US)
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Daniel Turinsky
Daniel.Turinsky@dlapiper.com
T  212.335.4566
F  917.778.8631

July 2, 2025

**V**IA **ECF**

Hon. Katharine H. Parker
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    <u>*Metcalf v. TransPerfect Translations Int'l Inc.*</u>, **No. 1:19-cv-10104 (ER) (KHP)**

Dear Judge Parker:

    We represent Defendant TransPerfect Translations International Inc. ("Defendant" or "TransPerfect") in the above-referenced matter.  In accordance with Your Honor's June 25, 2025 order (ECF No. 447), TransPerfect respectfully submits this letter in support of its application to redact portions of certain of the documents which Plaintiffs Michele Metcalf and Hannah Lawson ("Plaintiffs") previously requested be filed under seal (which were filed as exhibits to Plaintiffs' opposition to TransPerfect's Motion to Decertify the Class ("Decertification Motion")).

**Procedural History**

    On January 27, 2021, the Court entered a Stipulated Protective Order.  (ECF No. 88). Under the terms of the Protective Order, a party may designate as "Confidential" material or information that "contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others."  *Id.* ¶¶ 1-2.

    On March 14, 2025, TransPerfect filed the Decertification Motion.  (ECF No. 434).  On April 11, 2025, Plaintiffs filed their opposition to the Decertification Motion (ECF No. 439), along with a letter motion to seal certain exhibits filed in support of their opposition (ECF No. 438).  On June 25, 2025, the Court denied Plaintiffs' letter motion to seal without prejudice and directed TransPerfect to submit a letter brief "stating why the document (or a portion thereof) should be filed under seal consistent with the applicable standard."  (ECF No. 447).



Hon. Katharine H. Parker<br>
July 2, 2025<br>
Page Two

**Argument**

The information sought to be redacted and sealed in Exhibits 5 (ECF No. 443-5) and 6 (ECF No. 443-6) to Plaintiffs' opposition to the Decertification Motion includes private and confidential compensation information concerning TransPerfect's current and former employees. The privacy rights of such individuals in that confidential information outweighs any presumption in favor of public access.

The Second Circuit has articulated a three-step process for analyzing whether there is a common law right of public access to judicial documents. First, the Court must determine whether the document at issue is a "judicial document," to which a presumption of access attaches, by examining whether the document "is relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If the subject document is found to be a judicial document, a common-law presumption of access attaches and the Court must then determine what weight to give to the presumption. *See id.* Finally, the court must balance the weight of the presumption of access against countervailing factors, such as "the privacy interests of those resisting disclosure." *Id.* at 120.

"Documents may be sealed if specific, on the record findings are made demonstrating that closure is necessary to preserve higher values and is narrowly tailored to serve that interest." *Id.* (internal quotations omitted). "Examples of 'higher values' that may justify the sealing of documents include . . . the privacy interests of third parties." *Indira Kairam v. W. Side GI, LLC*, 2025 U.S. Dist. LEXIS 115577, at *2-3 (S.D.N.Y. June 17, 2025) (citations omitted). Indeed, the Second Circuit has recognized that "the privacy rights of innocent third-parties should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

"Individuals' financial information, including their compensation, is considered private and can override even a strong presumption in favor of public access." *Rowe v. Google LLC*, 2022 U.S. Dist. LEXIS 173468, at *4 (S.D.N.Y. Sept. 26, 2022). Thus, in *Rowe*, the Court held that documents which disclosed individual compensation information "may be filed under seal with the names . . . of non-party employees redacted." *Id.* at * 5; *see also Statoil (Nigeria) Ltd. v. Nigerian Nat'l Petroleum Corp.*, 2020 U.S. Dist. LEXIS 103945, at *2 (S.D.N.Y. June 15, 2020) (approving request to redact individual contact information and employee salary information to vindicate privacy interest in such information which overcomes the presumption of public access); *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (granting request to seal individual employee compensation because "redaction of this salary information 'vindicates the privacy interest' these non-parties have 'in sensitive personal information' that outweighs the public's interest in disclosure"); *Dodona I, LLC v. Goldman Sachs & Co.*, 119 F. Supp. 3d 152 (S.D.N.Y. 2015) (holding that "sensitive personal information of current and former employees of the parties and the affected third-parties, including home addresses, biographical information, telephone numbers and compensation" should properly be redacted).



Hon. Katharine H. Parker
July 2, 2025
Page Three

      In this case, Exhibit 5 (ECF 443-5) is an email chain which contains TransPerfect employee names and individual compensation information, which is private and confidential. We submit that such information should properly be redacted from the document.

      Additionally, Exhibit 6 (ECF 443-6) is a chart containing class member information, including their names, job titles, departments, hire/rehire/termination dates, job status change information, rates of pay, changes in rates of pay, and retroactive payments. Personal employee data, including individual compensation figures, is precisely the type of information which courts have previously found to be appropriate for sealing (or redaction). *See supra*. Accordingly, TransPerfect submits that all class member/employee names and other personally identifying information should be redacted from the chart before it is publicly filed, particularly since individual employee names have no bearing on the Court's determination of the Decertification Motion.

      We thank the Court for its time and attention to this matter.

Respectfully submitted,

**DLA Piper LLP (US)**

*/s/ Daniel Turinsky*

Daniel Turinsky