UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHELE METCALF and HANNAH
LAWSON, individually and on behalf of all
others similarly situated,

                                 Plaintiffs,                             **SEALING ORDER**

                -against-                                    **19-CV-10104 (ER) (KHP)**

TRANSPERFECT TRANSLATIONS
INTERNATIONAL INC.,

                                 Defendant.
------------------------------------------------------------------X
**KATHARINE H. PARKER, United States Magistrate Judge:**

       In the above-captioned action, Plaintiffs previously filed a motion to seal and/or redact two exhibits in connection with their papers opposing Defendant's motion to decertify class. (ECF No. 438.) The Court denied without prejudice, requesting a letter from Defendant TransPerfect Translations International Inc. ("TransPerfect") as to the reason the documents should be sealed, given TransPerfect was the party marking them confidential. (ECF No. 447.) Defendant filed a letter, requesting that redacted forms of the documents be filed to the docket, arguing the two exhibits (ECF Nos. 443-5, 443-6) contain confidential and proprietary business information (including non-party employees' names) as well as personally identifying information of members of the class. For the reasons elaborated below, the motion to seal unredacted copies and file redacted copies to the public docket is granted.

**LEGAL FRAMEWORK**

The common law and the First Amendment accord a presumption of public access to judicial documents.  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir. 2006).  The public's presumptive right of access to judicial documents is "potent and fundamental," Mirlis v. Greer, 952 F.3d 51, 58 (2d Cir. 2020) (citation omitted), and is "integral to our system of government," United States v. Erie Cty., N.Y., 763 F.3d 235, 238-39 (2d Cir. 2014).

In considering a motion to seal, the court undertakes a three-part analysis.  First, the court must determine whether the document is in fact a judicial document.  A judicial document is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'"  Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 139 (2d Cir. 2016) (quoting Lugosch, 435 F.3d at 119).  "Documents that are never filed with the court, but simply 'passed between the parties in discovery,'" are not judicial documents and lie "beyond the presumption's reach."  Brown v. Maxwell, 929 F.3d 41, 49-50 (2d Cir. 2019).  When a document becomes a "judicial document," the presumption of public access attaches.

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches.  The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  Id. at 49.  "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the

'documents play only a negligible role in the performance of Article III duties.'" Olson v. Major League Baseball, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted). "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion." Id. The weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion. Brown, 929 F.3d at 49-50.

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption. Lugosch, 435 F.3d at 120. Regardless of the weight that must be accorded to the presumption, the court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and "is narrowly tailored to serve that interest." Id. The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." Olson, 29 F.4th at 88.

"Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information. Bernsten v. O'Reilly, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); Louis Vuitton Malletier S.A. v. Sunny Merch. Corp., 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). Pertinent here, these higher values may also include protecting "the privacy interests of third parties" and "[i]ndividuals' financial information, including their compensation," especially that of "non-party employees." See Kairam v. W. Side GI, LLC, 18-cv-1005 (AT) (SDA), 2025 WL 1692076, at *1 (S.D.N.Y. June 17, 2025)

(citations omitted); Rowe v. Google LLC, 19-cv-8655 (LGS), 2022 WL 4467628, at *2 (S.D.N.Y. Sept. 26, 2022). A sealing request is "narrowly tailored" when it seeks to seal only that information that must be sealed to preserve higher values. Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd., 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021).

## APPLICATION

Upon review, the information Defendant seeks to redact is properly redacted. The privacy interest inherent to financial information such as compensation will "override even a strong presumption in favor of public access." Rowe, 2022 WL 4467628, at *2. As to ECF No. 443-5, the employee names and individual compensation information in the email chain should be redacted. As to ECF No. 443-6, the class member/employee names and other personally identifying information should be redacted from the chart before it is publicly filed. Accordingly, the unredacted versions of these documents at ECF Nos. 442-5 and 442-6 shall remain sealed, and redacted copies of these documents shall be filed to the public docket.

## CONCLUSION

The parties' motion to seal is granted. The documents at ECF Nos. 442-5 and 442-6 shall remain sealed. By **Monday, July 21, 2025**, the parties shall publicly file their exhibits with redactions as outlined in this decision and order.

Dated:    July 7, 2025
         New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge