UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MICHELE METCALF and HANNAH
LAWSON, individually and on behalf of all
others similarly situated,

Plaintiffs,

-against-

TRANSPERFECT TRANSLATIONS
INTERNATIONAL INC.,

Defendant.
-------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___6/12/2026___
```

**ORDER RE EXTENSION**
**OF EXPERT DISCOVERY**

**19-CV-10104 (ER) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

Before the court is Defendant's motion to extend expert discovery by two weeks based principally on its desire to conduct the deposition of Plaintiffs' affirmative expert before the deposition of Defendant's rebuttal expert. (ECF No. 468). Plaintiff opposes this extension. (ECF No. 469).

<u>DISCUSSION</u>

"A schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Generally, the moving party bears the burden to show good cause, and a court's ability to find good cause is dependent on the "diligence of the moving party." *Smith v. Bradt*, 329 F.R.D. 500, 504 (W.D.N.Y. 2019) (quoting *Parker v. Columbia Pictures Indust.*, 204 F.3d 326, 340 (2d Cir. 2000)); *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). However, diligence is not the sole consideration, and the court may also consider any prejudice to the nonmoving party. *Kassner,* 496 F.3d at 244.

Furthermore, it is well established that trial courts have broad authority to oversee and set a discovery schedule as appropriate for each case. *Williams v. Rosenblatt Sec., Inc.*, 236 F.Supp.3d 802, 803 (S.D.N.Y. 2017) (recognizing broad discretion of magistrate judges in resolving discovery disputes).

The Court finds that Defendant has shown good cause for its request for a 14-day extension to complete expert discovery.  Defendant worked in earnest to schedule the depositions of the parties' respective experts, demonstrating diligence on its part. (ECF No. 468-1).  This included Defendant's counsel following up several times to confirm Plaintiffs' expert's availability. *Id.*; *Smith*, 329 F.R.D. at 505 (finding that diligence was absent when the moving party had "failed to show reasonable diligence in scheduling [a] deposition").  Additionally, Defendant has asserted that not granting the extension (and thereby allowing the rebuttal expert to be deposed before the affirmative expert) would prejudice the Defendant because rebuttal experts by nature critique the conclusions and methodologies of affirmative experts.  The Court agrees. *Capri Sun GmbH v. Am. Beverage Corp.*, 595 F. Supp. 3d 83, 138–39 (S.D.N.Y. 2022) (describing the purpose of a rebuttal expert as critiquing an affirmative expert's opinions).  Plaintiffs' representations further demonstrate the potential prejudice that Defendant would face, because the Plaintiffs represented that the affirmative expert's report will likely be supplemented. (ECF No. 469).  Further, the parties jointly represented to the Court in their May 18, 2026 status update that they anticipated potentially needing a "short extension in light of scheduling issues." *Id*.  Given the Defendant's diligence in scheduling the expert depositions, the potential prejudice Defendant may face otherwise, and these representations, the Court finds that good cause

is present to modify the April 8, 2026 Scheduling Order and extend the deadline for expert discovery.

Further, as to Defendant's request that the Court schedule Defendant's rebuttal expert deposition to follow Plaintiffs' affirmative expert deposition, the Court has "broad discretion" to manage the discovery process. *Syracuse Univ. v. Otis Elevator Co.*, No. 9 Civ. 172, 2010 WL 2680230, at *2 (N.D.N.Y. July 1, 2010) (quoting *McKay v. Triborough Bridge & Tunnel Auth., et al.*, No. 5 Civ. 8936, 2007 WL 3275918, at *1 (S.D.N.Y. Nov. 5, 2007)).  Where parties have failed to reach an agreement regarding the schedule for expert discovery, the Court has discretion to set the schedule and has done so with affirmative expert deposition deadlines preceding rebuttal expert deposition deadlines. *Klorczyk v. Sears, Roebuck & Co.*, No. 13 Civ. 257, 2015 WL 1600299, at *6 (D. Conn. Apr. 9, 2015) (scheduling plaintiffs' and defendants' expert depositions prior to rebuttal expert depositions); *Wechsler v. Hunt Health Sys., Ltd.*, No. 94 Civ. 8294, 2003 WL 470330, at *6–7 (S.D.N.Y. Feb. 25, 2003) (scheduling the deposition of plaintiffs' expert prior to the rebuttal expert's report and potential deposition, where the plaintiff was "indifferent" as to the timing of its expert's deposition); *Greene v. City of Norwalk*, No. 14 Civ. 1016, 2017 WL 600077, at *6–7 (D. Conn. Feb. 14, 2017) (reopening expert discovery and setting a deadline for rebuttal expert deposition approximately 70 days after the deadline for affirmative expert deposition).  Therefore, given Plaintiffs' representation that they anticipate having to supplement their expert report and the Court's broad discretion to manage the discovery process, the Court grants Defendant's request as it relates to the sequential scheduling of the expert depositions.

Defendant's requests at ECF No. 468 are **granted** in full.  Expert discovery shall

close by **July 13, 2026**.  Plaintiffs' affirmative expert deposition will occur on **June 26, 2026**.

Defendant's rebuttal expert deposition will occur during the week of **July 6, 2026**.

**SO ORDERED.**

Dated: June 12, 2026
      New York, New York

KATHARINE H. PARKER
United States Magistrate Judge