USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/22/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MICHELE METCALF and HANNAH
LAWSON, individually and on behalf of all
others similarly situated,

                                        Plaintiffs,                        **ORDER**

                    -against-                                        **19-CV-10104 (ER) (KHP)**

TRANSPERFECT TRANSLATIONS
INTERNATIONAL INC.,

                                        Defendant.
------------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

The Court thanks the Parties for the joint status update filed on June 18, 2026. The Court also is in receipt of Defendant's request that the Court set forth the agreed upon dates for the remaining depositions and production of Plaintiffs' supplemental expert report and Defendant's request that the Court preclude Plaintiffs' supplemental expert report in the instance it is not submitted by July 2, 2026. Defendant's requests are DENIED without prejudice.

In its previous order the Court set a date for the close of expert discovery, July 13, 2026, which the current proposed schedule abides by. Generally, the Court has "broad discretion" to manage the discovery process. Syracuse Univ. v. Otis Elevator Co., No. 9 Civ. 172, 2010 WL 2680230, at *2 (N.D.N.Y. July 1, 2010) (quoting McKay v. Triborough Bridge & Tunnel Auth., et al., No. 5 Civ. 8936, 2007 WL 3275918, at *1 (S.D.N.Y. Nov. 5, 2007)). Here, the Court does not see any further need to issue a scheduling order where the Parties have agreed

on dates for the respective depositions and service of supplemental expert reports in compliance with the Court's June 12, 2026 Order.

Additionally, insofar as Defendant requests that Plaintiffs' supplemental expert report be precluded in the instance that Plaintiffs do not submit the report by July 2, 2026, Defendant's request is premature.  Preclusion of an expert report is a harsh sanction which requires a fulsome review of the actual difficulties caused by its delayed submission or reliance on different information. *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chemical Co., Ltd.*, 769 F. Supp. 2d 269, 278 (S.D.N.Y. 2011) (citing *Sandata Techs., Inc. v. Infocrossing, Inc.*, No. 5 Civ. 9546, 2007 WL 4157163, at *6 (S.D.N.Y. Nov. 16, 2007)).  Here, Plaintiffs' supplemental expert report has not been served yet and the deadline that the Parties agreed upon has not yet passed.  As a result, the Court finds Defendant's request for prospective preclusion is premature.

Defendant's requests are denied without prejudice, and the Parties are directed to file a joint status update by July 22, 2026.

**SO ORDERED.**

Dated: June 22, 2026
       New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge